## Martin v. Board of Education of Bath County et al.

Dec. 20, 1940.

W. B. White, Judge.

G. C. Ewing and Roger A. Byron for appellant.

John A. Richards and John J. Winn for appellees.

Opinion of the Court by Judge Fulton—Affirming.

In this action filed by the appellant, C. F. Martin, against the Board of Education of Bath County and Lyman V. Ginger, then employed by the Board as principal of the Owingsville Consolidated and High School, the appellant sought to compel the Board to employ him as principal or superintendent of the named school for a period of two years, the school years 1940-1941 and 1941-1942, at a salary of $2,115 per year and to enjoin the appellee, Ginger, from performing the duties of such principal. The trial court sustained a demurrer to the petition and dismissed it and the appeal is prosecuted from that judgment.

The facts alleged in the petition, admitted to be true by the demurrer, are in substance as follows. In February, 1938, the Owingsville City Board of Education adopted a resolution directing the employment of appellant as superintendent of the Owingsville city schools for a term of four years beginning July 1, 1938, at a salary of $2,115 per year. The resolution contained this provision, "There is a provision in the con-

820

tract that should the Owingsville city schools consolidate with the county school system at any time in the next four years, their responsibility ceases as far as this contract is concerned.'' Pursuant to the authority of this resolution a written contract was executed between appellant and the City Board. This contract did not meet the approval of the State Board of Education, whereupon a new contract was prepared on the form provided by the State Board and was duly adopted by appellant and the City Board as the contract between them. The latter contract did not contain the above quoted provision of the resolution directing appellant's employment.

On June 9, 1938, the City Board determined to effect a merger of the Owingsville schools with the county school system as of July 1, 1938, and by a resolution duly adopted the appellant was authorized to draft a contract or agreement with the County Board to that effect. The resolution specified that appellant was to be permitted to operate the Owingsville schools *for the school year, 1938-1939* as he had been doing for the past thirty-three years, and further specified that ''the Bath County Board of Education shall or agrees to carry out each and every contract made by the Owingsville Board of Education with superintendent, teachers, attendance officer, janitor or any other contract that said Board has made for the school year 1938 and 1939.'' Pursuant to the resolution a contract, prepared by appellant, was entered into between the two Boards, the contract containing, amongst others, the above mentioned provisions specified by the resolution. The contract also provided that it was to be void in the event the County Board failed to build a new school building which it contemplated doing.

The merger agreement became irrevocable by the later erection of the contemplated new building which was apparently finished a year or more after the execution of the merger contract. The County Board employed appellant to operate the Owingsville school for the school year 1938-1939 and for the school year 1939-1940 at the salary of $2,115 per year but did not employ him for the succeeding two school years as called for in his contract with the City Board, whereupon he filed this action.

Kentucky Statutes, Section 4399-4, providing for

the merger of school districts, reads in part as follows:

"In case of any merger of school districts, the resulting district shall take over all the assets and legal liabilities of the districts joining in the merger * * * ."

It is contended by appellant that by virtue of this provision of the statutes the County Board took over the liability of carrying out the contract between him and the City Board, while appellees contend that the appellant was the holder of a public office which could be abolished with no right on appellant's part to remuneration for the remainder of his term. We do not find it necessary, however, to decide this question since we have reached the conclusion that the above quoted provision in the resolution authorizing appellant's employment by the City Board of Education relieved the County Board of the obligation of carrying out appellant's contract.

The County Board, under the statute, is impressed only with legal liabilities of the districts joining in the merger and by this provision in the contract the City Board relieved itself of legal liability as far as appellant's contract was concerned. Since there was no legal liability on the part of the City Board when the merger was effected there was no legal liability imposed on the County Board. It seems clear to us that it was the intention of appellant and the City Board, by the insertion of this provision, that the contract should terminate if a merger with the County School system was effected. Were we possessed of doubts as to the real purpose and meaning of this provision, such doubts are removed by the construction placed on the contract by the parties themselves. In the subsequent merger contract between the County Board and the City Board, prepared by appellant himself, it was provided that the County Board should give appellant employment in the Owingsville school for the school year 1938-1939. This provision of the contract is entirely inconsistent with the idea that the County Board was impressed with liability to carry out the contract for the full four-year period. If it was in contemplation of the parties that the County Board was obligated to employ appellant for the ensuing four years, it is singular that a specific provision should have been inserted in the contract providing for employment for one year only. Further, the

provision in the merger agreement that the County Board should carry out every contract made by the City Board with appellant and other employees *for the school year 1938-1939* is inconsistent with the idea that the County Board must carry out appellant's contract for the four year period—specific assumption for one year is inconsistent with a recognition of liability for four years. It is clear that the appellant, himself, construed the contract between him and the City Board as terminating in the event of a merger with the County School system. His argument that the provision relieving the City Board of liability under the contract was a mere declaration of the law as contained in Section 4399-4 would be somewhat persuasive in the absence of the contrary construction placed on it by him—the most definite indication of what was intended by a contract is the construction given to it by the parties themselves. We construe the contract, as did the parties, as terminating on the merger with the county school system.

We have assumed that the provision in the resolution terminating the contract in the event of a merger must be considered as a part of the contract actually executed between appellant and the City Board on the form provided by the State Board of Education. It is practically conceded by appellant that this is true but, in any event, it is obvious that this resolution, which is the very source of the contract and the foundation on which it rests, must be so considered.

It is urged for appellant that his employment by the County Board for two years after the merger was an adoption and ratification by the County Board of his contract with the City Board. We fail to see merit in this argument. On the contrary, as indicated above, the specific agreement for one year's employment contained in the merger agreement is inconsistent with the idea that the County Board was legally bound to employ appellant for four years. Employment of appellant for a second one year period was in no sense a ratification—separate contracts of employment for definite periods less than the original contract period indicate a negation, rather than admission of liability to employ for the full contract period.

We feel great sympathy for the appellant, who appears to have rendered faithful and valuable service to

the school in which he was employed for so long, especially in view of the disastrous consequences which will apparently be inflicted on him by his failure to receive employment for the remaining two years of his contract, but it clearly appears to us there is no legal liability on the part of the County Board so to employ him.

Judgment affirmed.