**FRANKLIN FIRE INS. CO. et al. v. CHESAPEAKE & O. RY. CO.**

No. 9481.

Circuit Court of Appeals, Sixth Circuit.

Feb. 25, 1944.

Leo T. Wolford, of Louisville, Ky. (Wm. Marshall Bullitt, Leo T. Wolford, and Bullitt & Middleton, all of Louisville, Ky., on the brief), for appellant.

Edward P. Humphrey, of Louisville, Ky., for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellee leased to the Sandy Valley Grocery Company, a warehouse, which was occupied by one of the latter's controlled corporations. The lessor covenanted for quiet enjoyment on the part of lessee; and the lessee covenanted to leave the premises in good repair, reasonable wear and tear and casualties by fire excepted; and to save and hold the lessor harmless from all claims for damages to crops, goods, wares, merchandise, buildings, or other property on the premises leased, caused by fire from locomotives, or for damage arising from any other cause whatsoever. Thereafter,

during occupancy by the lessee's corporation, employees of appellee railroad company, while engaged in removing old paint from wooden doors with a blowtorch, set the building afire. Appellant insurance companies, after paying claims for damage caused by the fire, to the lessee, sued appellee by right of subrogation. The trial court found that the employees of appellee were negligent in the performance of their work in removing the paint and causing the fire, but that their acts were neither willful nor wanton. It further held that appellee was exempted from any liability for damages caused by the fire by virtue of the stipulation in the lease, in which the lessee covenanted to save the lessor harmless from all claims for damage caused by fire from locomotives, or for damage from any other cause whatsoever.

On appeal, it is claimed by appellants that appellee was guilty of gross or wanton negligence; that the lessee's covenants in the lease did not exempt the lessor from liability for damage caused by the fire; and that the covenant for quiet enjoyment subjected the lessor to such liability. There was no showing of gross negligence. The finding of negligence was sustained by the evidence.

■ A common carrier may contract against ordinary negligence on its part when not acting in the capacity of a common carrier. See Greenwich Insurance Co. v. Louisville & N. R. Co., 112 Ky. 598, 66 S.W. 411, 67 S.W. 16, 56 L.R.A. 477, 99 Am.St.Rep. 313; Santa Fe, P. & P. R. Co. v. Grant Bros. Const. Co. 228 U.S. 177, 181, 33 S.Ct. 474, 57 L.Ed. 787.

■ Appellants contend that, under the rule of construction of ejusdem generis, the provision of exemption from liability,— for damage caused by fire from locomotives, or for damage arising from any other cause whatsoever,—must be construed to to mean that the only kind of fire damage, within the exemption, is that caused by fire from locomotives. With this contention we cannot agree. See Southern R. Co. v. Stearns Bros., 4 Cir., 28 F.2d 560. If construction of the contract provision in question were required, the contemporaneous construction by the parties would indicate their intention much more clearly than any application of the doctrine of ejusdem generis. In this regard, it is to be remarked that approximately three years before the fire occurred, counsel for the lessee advised appellee that the provision exempting the railroad company from liability for "damage arising from any other cause whatsoever," should be eliminated from the lease as it was equivalent to absolute immunity to the railroad company for any negligence on its part arising out of or in connection with the terms of the lease. The lessee was, at the same time, advised by its counsel of this conclusion as to the effect of the provision in question. The lessee thereafter leased additional space in the warehouse and submitted a proposed lease in language equivalent to the exemption provision theretofore in effect. The lease was not signed, but the lessee continued to occupy the premises for three years, up to the time of the fire, paying the rent in accordance with the lease provisions, and with the same exemption clause remaining therein. The construction of a contract which the parties have given it while operating thereunder, should be followed. "Even were this contract here involved one of doubtful meaning and interpretation * * *, which we question, still the conduct of the parties is so significant as to otherwise determine, when tested by the well-established rule governing the interpretation of ambiguous and uncertain contracts, which directs that that construction of it which the parties themselves, when operating under it, have given it should be adopted." Kentucky Lumber & Millwork Co. v. George H. Rommell Co., 257 Ky. 371, 376, 78 S.W.2d 52, 54. See, also, Martin v. Board of Education, 284 Ky. 818, 822, 146 S.W.2d 12.

■ However, in our opinion, the provision in question is not ambiguous or uncertain and leaves no room for construction by the court. It was valid, and exempted appellee from the liability asserted. The covenant for quiet enjoyment was subject to the explicit exemption provision.

In accordance with the foregoing, the judgment of the district court is affirmed.