**KNOX COUNTY BOARD OF EDUCATION et al., Appellants,**

**v.**

**Nancy WILLIS, Appellee.**

Court of Appeals of Kentucky.

May 13, 1966.

Rehearing Denied Sept. 30, 1966.

H. M. Tye, Barbourville, for appellants.

Don B. Mills, Barbourville, John B. Breckinridge, Lexington, for appellee.

CLAY, Commissioner.

Appellant, Knox County Board of Education, terminated appellee's teaching contract after a hearing upon charges brought under KRS 161.790. On appeal to the circuit court the action of the Board was reversed, from which judgment the Board appeals to this court.

The charges against appellee were for "inefficiency, incompetency and neglect of duty". The notice of charges with which appellee was served made specific reference to and included a copy of a "supervisor's report". This report criticized appellee's conduct of classes, her lack of control and discipline over her students, and the destruction of classroom furniture. At the hearing substantial evidence was introduced concerning the inadequacy of records kept by appellee, although this deficiency did not appear in the charges. The Board found that appellee (1) failed and refused to keep proper order in her classes; (2) allowed the children to damage and destroy furniture and to use improper language, and failed to take appropriate corrective and disciplinary measures; and (3) failed to keep proper records. On the basis of these findings, the Board terminated her contract.

The circuit court on appeal found these proceedings arbitrary in almost every respect.

The first ground of alleged arbitrariness was the failure of the Board

to furnish appellee with rules and regulations governing procedure in the conduct of the hearing. Apparently the Board did not have such rules and regulations, as the trial court found. Our first question is whether, as appellee insists, the Board is without power to conduct, or acts arbitrarily in conducting, a hearing such as this without written rules of procedure.

We find nothing in the statutes which *requires* a board of education to adopt formal procedural rules for the conduct of a hearing. While KRS 160.290(2) provides that each board "shall make and adopt * * * rules, regulations and by-laws" for the regulation and management of schools and the transaction of its business, we must construe this language sensibly to require such rules and regulations as are necessary and proper. Otherwise a school board could not legally perform *any* act without a pre-established written rule specifically pertaining to it. If we adopt appellee's theory, it would require each board to draft a comprehensive code of procedure for hearings on the termination of teachers' contracts, and if such code failed to cover a single phase of procedure sought to be invoked, the board could not proceed. We simply cannot construe this statute so unrealistically. The average school board would certainly lack the competency to draft such a code.

■ We believe that KRS 161.790(2), (3)[1] adequately outlines the procedure required for such a hearing, although a board could adopt consistent supplementary rules. As pointed out in Board of Education v. Chattin, Ky., 376 S.W.2d 693, 697, a proper hearing of this nature simply requires "orderly procedure" and "fundamental fairness" and not "the esoteric formalities of a medieval jousting match". Within the scope of "fundamental fairness" we must recognize the necessity for procedural flexibility, particularly since these proceedings ordinarily must be conducted by laymen. As suggested in that case, under proper circumstances resort may be had to our Rules of Civil Procedure.

■ Appellee's plea for the requirement of technical rules of procedure is really an academic one. She makes no claim that the hearing was not a fair one, that she was denied any right to be fully heard, or that she was prejudiced by the manner in which the hearing was conducted. We find nothing illegal or arbitrary in the conduct of this hearing without written rules of procedure.

■ The trial court correctly found that the Board acted arbitrarily in sustaining the charges against appellee for failure to keep proper records. She was given no fair notice of this charge, as required by KRS 161.790(2).[2] However, the Board sustained two other charges against her. If she was given adequate notice of these other charges and there was substantial evidence to support them, the Board's action may be upheld even though the charge of failing to keep records was not properly prosecuted. Hoskins v. Keen, Ky., 350 S.W.2d 467; Board of Education v. Chattin, Ky., 376 S.W.2d 693.

The trial court found the Board acted arbitrarily in sustaining the charges against appellee which involved the failure to keep proper order in her classroom and the failure to take appropriate corrective and disciplinary measures against students who were guilty of flagrant misconduct. The basis of this determination was that the charges against appellee were not sufficiently specific, and the evidence did not support the findings.

■ The charges against appellee were for "inefficiency, incompetency and neglect of duty". We agree that these charges, appearing in the "Notice of Termination

---

1. By virtue of a 1964 amendment, these are now subsections (3) and (4).

2. By virtue of a 1964 amendment, this is now subsection (3).

of Contract", were not sufficiently specific under KRS 161.790(2).[3] However, the notice incorporates a "supervisor's report" wherein certain details are set forth. It is apparently appellee's contention that the details must appear in the formal charges and that an interoffice communication does not have sufficient formal dignity to constitute adequate charges. It is also contended by appellee, and the trial court found, that the "supervisor's report" was not sufficiently detailed.

It is our opinion that the formal charges against appellee, coupled with the facts stated in the "supervisor's report", gave appellee fair notice that the charges of inefficiency, incompetency and neglect were based upon the manner in which she conducted her classes, with particular emphasis upon her failure to maintain any sort of discipline. We cannot go along with appellee's argument that the "supervisor's report" cannot be considered as part and parcel of the charges. This report was incorporated in the formal notice just as an exhibit to a pleading. The informality of the report has no bearing on the adequacy of the charges since we are seeking fair notice to the teacher.

We are also disinclined to agree with the trial court that the "supervisor's report" did not contain sufficient detail. We are convinced that it did give appellee fair notice that the charges were based upon the method of conducting her classes, which resulted in the specified abnormal conditions.

There was ample evidence of intolerable conduct on the part of students in her classroom, and there was ample evidence of a neglect upon her part in controlling her classes and students. Such being the case, we cannot find that the Board acted arbitrarily in upholding these grounds as justification for terminating appellee's contract. It may be noted in passing that there is no claim that this proceeding was politically or otherwise motivated except in the interest of efficient school administration.

One other question arises upon which it is necessary to comment. Subsequent to the hearing by the Board, we decided in Board of Education v. Chattin, Ky., 376 S.W.2d 693, that on an appeal to the circuit court from a school board ruling the hearing could not be "de novo", as apparently contemplated by KRS 161.-790(5),[4] and that no new evidence could be introduced in the circuit court. The trial judge found that appellee had been placed at "an unfair disadvantage" by reason of this ruling because she had not introduced all of her evidence at the hearing before the Board. We agree that appellee's rights may have been adversely affected by this decision provided she would have been able to introduce evidence of substance which reasonably could have resulted in a reversal of the Board's finding. However, we find that at the hearing before the Board appellee and two other witnesses testified on her behalf, and she was given unlimited opportunity to meet or rebut the charges against her. She fails to point out what additional evidence she desired to introduce which would tend to disprove the charges against her. The matter of classroom conduct was fully heard. Under these circumstances we are not inclined to say that the change in the law resulted in prejudice.

The judgment is reversed, with directions to enter a judgment sustaining the action of the Knox County Board of Education.

3. By virtue of a 1964 amendment, this is now subsection (3).

4. By virtue of a 1964 amendment, this is now subsection (6).