**BOYD FISCAL COURT Consisting of County Judge Executive George R. Hall, County Commissioner Bill F. Davis, County Commissioner Clarence Jackson and County Commissioner Jesse Allen Ross, Movant,**

v.

**ASHLAND PUBLIC LIBRARY BOARD OF TRUSTEES, Respondent.**

Supreme Court of Kentucky.

June 15, 1982.

Jerry P. Vincent, Boyd County Atty., Catlettsburg, for movant.

Ronnie Dunnigan, Richard Martin, Johnson, Dunnigan & Martin, Ashland, for respondent.

CLAYTON, Justice.

On June 30, 1976, the Boyd County Fiscal Court entered into a contract with the Ashland Public Library Board of Trustees whereby the fiscal court agreed to pay the library for providing bookmobile service to Boyd County residents in fiscal years 1976–1978. The fiscal court appropriated and paid $40,000 during the first year and $52,500 the second year. Both parties fully performed their obligations and the contract terminated by its terms on June 30, 1978.

In June of 1978 the fiscal court unilaterally budgeted $55,000 for fiscal year 1978–

1979 to be used for the same library service contemplated by the earlier agreement, but without having renewed the expired contract. The fiscal court paid the library approximately $4,500 per month until November 1978, when the fiscal court decided that due to a shortage of funds and more compelling needs, bookmobile service would have to be discontinued. The library, however, continued to operate the bookmobile and when their demand for payment of the remaining $32,083.35 was refused by the fiscal court, this action was filed. Both the trial court and the Court of Appeals found for the library. We granted discretionary review.

Unlike the law applicable to ordinary commercial transactions between individuals, a fiscal court cannot become liable under an implied contract. *Bath County v. United Disinfectant Co.*, 248 Ky. 111, 58 S.W.2d 239, 241 (1933). Rather than basing an agreement on past actions, a fiscal court can be legally bound only through its records. *Land v. Lewis*, 299 Ky. 866, 186 S.W.2d 803, 805 (1945); KRS 67.100(1).

There is no evidence of the fiscal court contracting with the library for services in fiscal year 1978–1979. The mere act of budgeting funds for a specific purpose does not create a contractual obligation on the county. Similarly, acceptance of benefits by the fiscal court does not create a contract unless the acceptance is accompanied by an effective ratification in the form of an official order. *Board of Education of Floyd County v. Hall*, Ky., 353 S.W.2d 194 (1962). We do not think the five monthly payments by the fiscal court to the library created a contract by ratification for the remaining seven months of the fiscal year.

There is no evidence, and respondent never alleged, that any of the authorized payments contained a statement of the fiscal court's intent to renew the contract. As stated by this court in *Duff v. Knott County*, 238 Ky. 71, 36 S.W.2d 870, 872 (1931):

> "[R]atification must be by an order unequivocal in character and duly entered and signed in the manner directed by the statutes governing the action of fiscal courts."

Our decision may appear technical and harsh when it is considered that the county received a beneficial social service for which it only partially paid. It must be realized, however, that the law on which we base our decision is well-settled, giving respondent ample notice of the fiscal court's limited capacity to contract. Moreover, respondent knew of the fiscal court's decision to abandon the service after five months, yet it continued to operate the bookmobile till the end of the fiscal year.

In affirming the trial court's judgment for respondent, the Court of Appeals devoted part of its opinion to the manner in which the fiscal court transferred the money originally budgeted for library services to its general fund. We do not pass upon whether the transfer was void as a result of the fiscal court's failure to follow the statutory procedure because it has no relevance to the issue of whether a contract was formed.

The judgment of the Boyd Circuit Court and decision of the Court of Appeals are reversed.

All concur.