**Kenneth R. SEXTON, Appellant,**

v.

**TAYLOR COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1985.

Phil Allan Bertram, Campbellsville, for appellant.

Larry D. Noe, Campbellsville, for appellee.

Before MILLER, REYNOLDS and WILHOIT, JJ.

MILLER, Judge.

The question presented for appeal is whether the Taylor Circuit Court properly granted summary judgment to the appellee. We find that the judgment was in order and affirm.

Since 1975, the appellee, Taylor County Fiscal Court, had been contracting with Lake Cumberland Emergency Medical Services (EMS), a nonprofit corporation, for EMS to provide the county with ambulance service. Appellee agreed contractually that they would provide a certain amount of funds to EMS in order to maintain the program. Among the items which appellee agreed to pay for were "supplies" for the vehicles in question. Understanding this language to include both gasoline and oil, EMS obtained them from appellant, Kenneth Sexton. Although the record is unclear, it seems a dispute arose as to whether or not gasoline was properly considered as a "supply" for which Taylor County would be financially responsible. In any event, EMS stopped paying appellant for the provided gasoline. Appellant filed suit in Taylor Circuit Court against appellee for enforcement of the contract in an attempt to compel appellee to pay the outstanding gasoline bills incurred by EMS. At the time the suit was filed, EMS, as a corporation, had been dissolved. Summary judgment was ultimately granted to appellee on the theory that appellant made no express contractual agreement with appellee to pay for any expenses incurred by EMS. This appeal followed.

Since the Taylor Circuit Court granted appellee's motion for summary judgment, the scope of review in this case is two-fold. The circuit court must have found (1) that there was no genuine issue

of material fact, and (2) that appellee was entitled to judgment as a matter of law. *See Conley v. Hall,* Ky., 395 S.W.2d 575 (1965); CR 56.

In order to grant the summary judgment, the Taylor Circuit Court must have found appellee to be entitled to judgment as a matter of law. In this regard, we find the court was correct.

It is clearly the law in this jurisdiction that a fiscal court may be bound only by written contracts, implied contracts being unenforceable. *See Boyd Fiscal Court v. Ashland Public Library,* Ky., 634 S.W.2d 417 (1982). Appellant presented no written evidence of any contractual agreement with appellee. The contract involved in this case bears the names of two parties—the appellee and EMS. Being neither a party to that written contract and presenting evidence of no other, judgment as a matter of law for appellee was proper.

Appellant further contends that he was a third party beneficiary to the written contract between appellee and EMS, and, as such, was legally empowered to enforce the contract in his favor. It is the law in this jurisdiction that no stranger to a contract may sue for its breach unless the contract was made for his benefit. *See Long v. Reiss,* 290 Ky. 198, 160 S.W.2d 668 (1942). Parties for whom these contracts are made fall into two classes—donee beneficiaries and creditor beneficiaries. The Court of Appeals in *King v. National Industries, Inc.,* 512 F.2d 29, 33 (6th Cir. 1975), described each class as follows:

> One is a donee beneficiary if the purpose of the promisee in buying the promise is to make a gift to the beneficiary. A person is a creditor beneficiary if the promisee's expressed intent is that the third party is to receive the performance of the contract in satisfaction of any actual or supposed duty or liability of the promisee to the beneficiary.

In order to be either a donee or creditor beneficiary, it must be proven that the contract in question was made for the actual and direct benefit of the third party. There is simply no evidence appearing in the record tending to show that the parties made the contract for the benefit of appellant. Nor does it appear from the record that there was ever any intent, expressed or otherwise, on their part to do so. Appellee contracted with EMS in order to provide Taylor County with adequate ambulance service. In return for that service, it promised EMS that it would supply funds to assist in the maintenance of that service. No other promises to any other parties were made under the contract.

As appellant has provided no hint of evidence which would support his claim that he is a third party beneficiary, there is simply no factual question that he was not. Consequently, he had no legal right to attempt to enforce the agreement in his behalf against either party.

The Taylor Circuit Court was correct in its determination that no issue of fact or law appeared in this case. The summary judgment is affirmed.

All concur.