Barbara A. RAMSEY, Appellant,

v.

**BOARD OF EDUCATION OF WHITLEY COUNTY,**
**Appellee.**

No. 89–CA–000543–MR.

Court of Appeals of Kentucky.

Feb. 9, 1990.

Discretionary Review Denied
by Supreme Court
June 19, 1990.

See also 844 F.2d 1268.

Arthur L. Brooks, Lexington, for appellant.

Debra H. Dawahare and William H. McCann, Lexington, for appellee.

Before CLAYTON, HOWARD and DYCHE, Judges.

CLAYTON, Judge.

This appeal arises from a dispute as to the number of sick leave days to which Ramsey is entitled. The Board effected a reduction in the number of sick days to which Ramsey had previously been credited. She filed suit, and the Whitley Circuit Court, on cross-motions for summary judgment, granted summary judgment to the Board. We now affirm.

Ramsey was employed as a teacher by the Board from 1956 through 1985–86, at which time she was eligible for full retirement.[1] Prior to April 11, 1985, the minutes of the Board reflect that no policy regarding sick leave had been adopted. Nonetheless, the Board's records of individual teacher's accumulated sick leave demonstrated that an unlimited amount had been allowed to accumulate. Ramsey had accumulated 142 days.

The accumulation was allowed in an apparent disregard of the sick leave statute, KRS 161.155. The statute has been amended several times. A summary of those changes is provided.

In 1948, KRS 161.155 provided that the Board shall allow a teacher not less than ten (10) days of sick leave during each school year without deduction of salary with accumulation in subsequent school years not to exceed twenty (20) days, unless a greater number was authorized by the local School Board.

It was amended in 1970 to provide for the increase of the maximum accumulated days of sick leave to not more than sixty (60) days, unless a greater number authorized by the local Board, and further provided the ten (10) days granted each school year shall be in addition to the accumulated days.

Then, in 1974, KRS 161.155 was amended to provide the same as the 1970 amendment, and further provided: "days of sick leave not taken by teacher during any school year shall accumulate without limitations and be credited to that teacher. Accumulated sick leave may be taken in any school year."

Finally, KRS 161.155 was amended, effective July 1, 1981, to state: "After July 1, 1981, a District Board of Education may compensate, at the time of retirement, a teacher for each unused sick leave day. The rate of compensation for each unused sick leave day shall be based on a percentage of the teacher's last annual salary, not to exceed thirty (30) percent. Payment for unused sick leave days shall be incorporated into the annual salary of the final year of service. The accumulation of such days includes unused sick leave days held by the teacher at the time of the implementation of such a program."

On April 11, 1985, the Board adopted a sick leave policy. That policy was to go back and correct each teacher's sick leave record to conform to the statute. Additionally, the Board decided to pay teachers, pursuant to the 1981 amendment, for unused sick leave days as a retirement benefit. Specifically, twenty-five (25%) percent of the teacher's salary was allowed for the first 79 days of accumulated sick leave, and thirty (30%) percent for any additional days.

1. The record does not reflect whether she actually retired.

Pursuant to the Board's decision, Ramsey's accumulated sick leave days were reduced to twenty-nine (29). She filed suit challenging the loss of 113 days.[2]

In challenging the reduction, Ramsey argues that the unlimited accumulation of sick leave became part of her contract. Specifically, she asserts that based upon the failure of the Board to object to the administrative procedure allowing unlimited accumulation her contract included the sick leave days accumulated in excess of the statutory cap even though the inclusion was not part of her written contract.

■■■■ The difficulty with the argument, which would undoubtedly be upheld in an ordinary contract situation, is that her contract is with the Board, which is a public agency. Public agencies cannot become liable under implied contracts. *Boyd Fiscal Court v. Ashland Public Library Board of Trustees*, Ky., 634 S.W.2d 417, 418 (1982). To be bound, a public agency must act through its records. *Id.* Consequently, the Board could only be bound through its minutes. *Lewis v. Board of Education of Johnson County*, Ky. 348 S.W.2d 921, 923 (1961); *Lone Jack Graded School District v. Hendrickson*, 304 Ky. 317, 200 S.W.2d 736, 737 (1947). In this matter, it is admitted that the Board did not adopt any policy regarding sick leave before 1985. As a result, the Board did not initiate any contract with Ramsey regarding the accumulation of sick leave days beyond the statutory cap.

■■■ The Board could become bound, however, if it ratified the contract. Ratification involves an after-the-fact validation by the Board in the same manner and form prescribed in initially making the contract. *Knott County Board of Education v. Martin*, 256 Ky. 515, 76 S.W.2d 601, 603 (1934). In fact, even where a public agency has accepted the benefit of the contract, it will not be bound by its act (or inaction) unless the contract was formally ratified. *Boyd Fiscal Court*, 634 S.W.2d at 418; *Oberwarth v. McCreary*

*County Board of Education*, 275 Ky. 319, 121 S.W.2d 716, 717 (1938). Consequently, we must hold that the Board did not make a contract with Ramsey regarding accumulating sick leave either initially or by ratification.

In an effort to avoid the result reached above, Ramsey cites us to *Martin v. Board of Education of Bath County*, 284 Ky. 818, 146 S.W.2d 12 (1940), and *Knox County Board of Education v. Willis*, Ky., 405 S.W.2d 952 (1966). We find both cases distinguishable.

In *Martin*, the Court upheld the inclusion of a proviso from the resolution of the school board authorizing the hiring of a principal even though it was not included in the written contract actually signed.

As a result, we find it unpersuasive in the present matter where there was no resolution or other action of the Board entered in the minutes to be included in the contract Ramsey signed.

The *Knox County Board of Education* case held that a school board was not required to adopt formal procedural rules for hearings regarding dismissal of teacher for cause under KRS 161.690, since the statute itself provided adequate due process procedures. It does not follow that failure of the Board in the present matter to adopt a sick leave policy allowing unlimited accumulation of excess days resulted in Ramsey having a right thereto. At most, it would require a finding in her favor if KRS 161.155 by itself allowed it. Instead, there is no dispute but that the statute requires affirmative action by the Board to allow accumulation above the statutory caps. *See* KRS 161.155. We are, therefore, not persuaded to hold other than as previously indicated that Ramsey has no contract right to the excess sick leave days.

Ramsey next argues that the Board became bound by the acts of its agent, the superintendent. *See* KRS 160.370. In support of her argument, she relies upon several cases which hold principals bound by

---

**2.** It appears from the record, and based upon Ramsey's salary for 1984–85 of $18,280.00 for a 185-day school year, that Ramsey could have made over $3,000.00 more as a retirement benefit without the reduction.

acts of their agents, where the agent had implied or apparent authority. *See e.g. Estell v. Barrickman*, Ky.App., 571 S.W.2d 650 (1978). For purposes of this opinion, we will accept Ramsey's allegation that if general principal and agency principles were applied the Board would be bound by the superintendent's allowance of unlimited accumulation of sick leave.

■ We do not find, however, that the general principle applies. A public agency will not be permitted to bear a loss because an officer failed to perform his duty. *Cottongim v. Stewart*, 283 Ky. 615, 142 S.W.2d 171, 175 (1940). As a result, the Board will not be held accountable for the failure of its superintendents to properly apply the statute regarding sick leave.[3] We also note that a school board will not be bound by the individual or separate acts of its members. *Lewis*, 348 S.W.2d at 923. Thus, a member of a school board could not make a contract for the board. *Lone Jack*, 200 S.W.2d at 737. We do not think that a superintendent acting individually (i.e. without proper authority from the board) should be treated any differently.

■ It has also been held that parties contracting with a school board are charged with the knowledge that agents of the board have only limited authority and must look to the board's records to determine the agent's authority. *Dance v. Board of Education of the City of Middlesboro*, 296 Ky. 67, 176 S.W.2d 90, 91 (1943). Thus, Ramsey is charged with the knowledge that the administrative failure to properly apply the statutory limit on sick leave was not authorized by the Board. In sum, the Board is not bound by the allowance of unlimited accumulation of sick leave days by its agent. As a result, Ramsey's excess accumulated sick leave days are not part of her contract.

■ Ramsey's final argument is that the Board's actions are arbitrary under Section Two of our Constitution. The Board has the responsibility of determining whether to allow retirement pay for accumulated sick leave, and how to implement that decision. KRS 161.155. They are under no compulsion to do so, and Ramsey had no contractural right to any compensation for any sick leave days prior to the Board's decision to allow it. In other words, the policy question of retirement pay for sick leave days is committed to the Board's discretion. *See Belcher v. Gish*, Ky., 555 S.W.2d 264, 266 (1977). We are directed not to substitute our judgment on policy in their place. *Id.*

The Board's discretion is not, however, without limit. It cannot act arbitrarily or unreasonably. Arbitrariness has been defined as a clearly erroneous decision, which is a failure to have a decision supported by substantial evidence. *Thurman v. Meridian Mutual Insurance Company*, Ky., 345 S.W.2d 635, 639 (1961). Unreasonableness has been explained as when under the evidence presented there is no room for a difference of opinion among reasonable minds. *Id.* In the present matter, the Board decided to grant a retirement pay benefit at a certain level near the statutory maximum for the sick leave days which were accumulated when the statute was applied. We do not find the Board's decision to be arbitrary or capricious under the facts presented. *See Wells v. Board of Education of Mercer County*, Ky., 289 S.W.2d 492 (1956).

Ramsey asserts that *City of Frankfort v. Triplett*, Ky., 365 S.W.2d 328 (1963), compels a different result. We disagree. The Court in *Triplett* held that a city council's discretion did not extend to allow it to indirectly abolish a statutorily created position by providing only a *de minimis* salary. *Id.* at 332. Ramsey, however, had no right to retirement pay for sick leave until the Board acted. Consequently, there was nothing for the Board to take away either directly or indirectly. As noted, the determination of the extent of the right to retirement pay is committed to the Board's discretion within the statutory parameters of KRS 161.155. It did so. We will not substitute our judgment therefor. As a result,

---

3. The same analysis is applicable to the situation involving previous superintendents erroneously allowing other teachers using more sick leave days than statutorily authorized.

we do not find that *Triplett, supra,* requires a different result.

The summary judgment of the Whitley Circuit Court in favor of the Board is affirmed.

All concur.