**Grace Ann TOLLIVER, Plaintiff,**

v.

**HARLAN COUNTY BOARD OF EDUCATION, et al., Defendants.**

Civ. A. No. 93–113.

United States District Court,
E.D. Kentucky,
at London.

April 20, 1995.

JoEllen S. McComb, Arthur S. Brooks, Brooks & Fitzpatrick, Lexington, KY, for plaintiff.

William H. Fogle, Mt. Sterling, KY, Susan Coleman Lawson, Harlan, KY, Thomas M. Smith, Prestonsburg, KY, for defendants.

## OPINION & ORDER

BERTELSMAN, Chief Judge.

### I. Introduction

The plaintiff, Grace Ann Tolliver, brings this civil rights action pursuant to 42 U.S.C. § 1983. She alleges that her civil rights were denied as a result of her removal as acting superintendent of the Harlan County Schools. She also asserts a supplemental state law claim alleging that the Harlan County Board of Education ("Board") failed to recognize her employment status as assistant superintendent.

On April 7, 1995, this matter came before the court for a hearing on: (1) the motion of the Board for summary judgment (Doc. # 58); and (2) the motion of the Board to extend time in which to file a reply brief (Doc. # 63). JoEllen Sensenbach McComb represented the plaintiff; William H. Fogle represented the Board.

### II. Factual Background

Grace Ann Tolliver began her employment with the Harlan County Schools in 1971 or 1972 as the school librarian. She later served as Director of Special Education for a period of three years. When Dr. Jim Simpson was hired for that position around 1980, she became General Supervisor of Elementary and Secondary Education. Subsequently, Dr. Simpson was named an assistant superintendent for Special Education in 1987.

When Dr. Simpson later resigned as assistant superintendent in 1989, she was asked by then-superintendent Bob Shepherd to assume the duties she had previously performed in special education. Tolliver asserts that Mr. Shepherd made assurances to her that she would be made assistant superintendent when she obtained appropriate certification. (Tolliver Aff. p. 1–2). She further asserts that, based upon those assurances, she undertook course work at Union College in Barbourville, Kentucky and Eastern Kentucky University. (*Id.* at 2).

She obtained her certificate in superintendency in September of 1991. Tolliver states that, within a month after receiving the certificate, Mr. Shepherd told her that she was assistant superintendent for Special Education. Tolliver points out that Mr. Shep-

herd was behind in submitting a list of the people that he had hired for the minutes. (Cole Dep. at p. 25).

At a meeting of the Harlan County Board of Education on November 13, 1991, Mr. Shepherd announced his intention to resign as superintendent. In executive session, he suggested that Tolliver could fulfill the duties of acting superintendent since she had the proper certification. Mr. Shepherd also informed the Board members that she was currently in the position of assistant superintendent (*Id.* at 13). The Board appointed Tolliver as acting superintendent by unanimous vote.

On December 11, 1991, another meeting of the Harlan County Board of Education was held. The Board approved Tolliver's contract for employment by a unanimous vote. The minutes reflect that a copy of the contract is on file in the superintendent's office. The contract expressly provided:

> That the district does hereby agree that the superintendent shall be allowed to maintain her position as Assistant Superintendent in charge of District's Special Education program, and should she be terminated as Superintendent for any reason, including the expiration of this Contract, ... the Superintendent shall be returned to her previous administrative position as Assistant Superintendent of the Harlan County Board of Education....

Additionally, the minutes of the December 11, 1991 meeting were approved by the School Board at its December 16, 1991 meeting.[1]

On May 7, 1992, the Harlan County Grand Jury returned an indictment against Tolliver, charging her with theft-related crimes involving purported misuse of school system monies. The State Board of Education, which was at that time operating the District,[2] voted to relieve Tolliver of her duties as acting superintendent and to return her to her previous position as Director of Special Education. Tolliver was notified of her removal, effective immediately, by letter dated May 7, 1992.

The Harlan County Commonwealth Attorney filed a motion to dismiss the charges against her on March 9, 1993; the indictment was quashed June 30, 1993. Tolliver filed the present action on May 5, 1993.

On September 30, 1994, a hearing was held on the motion by the members of the State Board[3] for summary judgment. The court granted the motion and held that the individual defendants were entitled to qualified immunity on the ground that the law concerning suspensions with pay of a public employee under indictment was not clearly established. Thus, the only issue that remains concerns Tolliver's entitlement to the position of assistant superintendent in the Harlan County Schools. This is a pendent state law claim which the court retained after the federal claims were dismissed. 28 U.S.C. § 1367. On November 28, 1994, the Harlan County Board of Education, which had since resumed governance of the District, filed a motion for summary judgment addressing this issue.

## III. Analysis

### A. The School Board is not entitled to Eleventh Amendment Immunity.

▮ The School Board argues that Tolliver's claims are barred by the Eleventh Amendment. The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

---

1. The board minutes of December 11 and December 16 bear the signature of the Secretary of the board, Ronald Cole. However, the minutes were not signed by the Chairman, Benny Coleman. Cole testifies that he was unable to catch up with the Chairman to obtain his signature and that by the time the next meeting occurred in January, the board was removed. Additionally, Mr. Coleman could recall no reasons why he would not have signed the minutes if they had been presented to him. He states in his affidavit that the minutes accurately reflect the proceedings. (Coleman aff. at p. 3)

2. *See Shepherd v. Boysen,* 849 F.Supp. 1168 (E.D.Ky.1994).

3. The members of the State Board were sued individually. The State was not sued, presumably because it is protected by the Eleventh Amendment.

It bars a suit for damages against a state in federal court unless the state waives its immunity. *See e.g., Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974). Eleventh Amendment immunity extends to state agencies that act as arms of the state, but does not extend to cities, counties, or other political subdivisions of the state. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). Thus, the issue is whether the Harlan County School Board is an arm of the state.

■ In *Blackburn v. Floyd County Bd. of Educ.,* 749 F.Supp. 159 (E.D.Ky.1990), Judge Hood reviewed recent developments in Kentucky law and concluded that "Kentucky local boards of education are not arms of the state and, thus, they are not entitled to Eleventh Amendment immunity." *Id.,* 749 F.Supp. at 163. The School Board argues, however, that *Blackburn* is outdated due to recent enactments by the Kentucky legislature. It argues that the passage of the Kentucky Education Reform Act (KERA) on July 13, 1990, expanded state control of local boards of education.

However, KERA attempts to decentralize much of the decisionmaking processes. *See Board of Educ. of Boone County v. Bushee,* 889 S.W.2d 809, 816 (Ky.1994) (recognizing the significant role of local authority under KERA). This court does not find sufficient justification to depart from Judge Hood's reasoning in *Blackburn.* As such, the Harlan County Board of Education is not entitled to Eleventh Amendment immunity.

**B. The School Board is entitled to summary judgment on Tolliver's claim that she is entitled to the position of Assistant Superintendent.**

**1. The prior Superintendent did not comply with the statutes in effect at the time of Tolliver's alleged initial appointment to the position.**

■ Under Kentucky law, "[a]ll appointments, promotions, transfers of principals,

supervisors, teachers, and other public school employees shall be made only by the superintendent of schools, who shall notify the board of the action taken." KRS § 160.380; *see* also KRS § 160.390(1). Further, all personnel actions "shall be recorded in the minutes of the local board of education at the next meeting after the action is taken and shall not be effective prior to receipt of written notice of the personnel action by the affected employee from the superintendent." KRS § 160.390(2). Thus, Tolliver must demonstrate that she was appointed, received written notification of her appointment by the superintendent, and the action was recorded in the School Board's minutes.

■ Tolliver admits that the formalities concerning her initial appointment as assistant superintendent were not fulfilled due to the extraordinary events taking place in the Harlan County School District.[4] Nevertheless, she argues that she is entitled to that position. She asserts that the School Board recognized her status as assistant superintendent and points to references in her employment contract as acting superintendent. She contends that the Harlan County Board of Education acknowledged, recorded, and ratified the appointment in the employment contract.

The Kentucky courts have clearly held that statutes pertaining to public contracts must be strictly complied with. *Boyd Fiscal Court v. Ashland Public Library Bd.,* 634 S.W.2d 417 (Ky.1982) (contract for library services); *Ramsey v. Bd. of Ed. of Whitley County,* 789 S.W.2d 784 (Ky.App.1990) (accumulation of sick leave); *Stafford v. Bd. of Educ. of Casey County,* 642 S.W.2d 596 (Ky.App.1982) (transfer without recommendation of superintendent).

■ It seems to the court that the application of this rule is particularly appropriate for appointments under KERA, where the

---

4. Additionally, Tolliver cannot rely upon any type of implied agreement to support her claim to the position of Assistant Superintendent. Public agencies cannot become liable under implied agreements. *Ramsey v. Board of Educ. of Whit-* *ley County,* 789 S.W.2d 784, 786 (Ky.App.1990). To be bound, a public agency must act through its records. *Id.* If there is no record of Tolliver's initial appointment to the position, she has no entitlement to it.

superintendent is now the sole appointing authority. The requirements of the statutes are simple: the superintendent must furnish the employee written evidence of his/her appointment, and must file notification of the personnel action with the Board in time for it to be recorded in the minutes for the next meeting. It seems to the court that the purpose of the statute is to prevent exactly what happened here—a person claiming to have been appointed to a position after a superintendent has left office.

**2. The School Board's approval of the contract cannot ratify her appointment as Assistant Superintendent because the School Board did not have the power to appoint her to that position.**

█ The passage of KERA restructured the manner in which public school employees are to be employed. As discussed above, KRS § 160.380 states that all appointments or promotions are made only by the superintendent. The School Board has no authority to make those decisions. *See e.g.,* KRS § 160.180 (except for the appointment of the superintendent or school board attorney, members of the school board are prohibited from exerting influence in hiring decisions).

In this case, the Board had no power to appoint Tolliver to the position of assistant superintendent. Therefore, it could not have ratified that appointment. *Cf. Edinger v. Board of Regents of Morehead State Univ.,* 906 F.2d 1136, 1139 (6th Cir.1990) (*citing Knott County Bd. of Educ. v. Martin,* 256 Ky. 515, 76 S.W.2d 601, 603 (1934) (a board may ratify a contract if the contract was one that the board was authorized to make and provided that the ratification is made and done in the manner and form required by statute in making such contract)). Furthermore, as acting superintendent, Tolliver should have known as much.

**3. Estoppel.**

█ Tolliver asserts that the Board should be estopped from "raising the validity of its promise to return plaintiff to the position of assistant superintendent [because it recognized her as being in that position], it put this understanding in writing, and it memorialized its action in its minutes." (Memorandum in Opposition to Defendant's Motion for Summary judgment, Doc. # 61). However, the doctrine of equitable estoppel should only be invoked against governmental entities in exceptional circumstances. *City of Shelbyville v. Commonwealth,* 706 S.W.2d 426, 429 (Ky.App.1986) (discussing the essential elements of an equitable estoppel); *see also Maryland Casualty Co. v. Magoffin County Bd. of Educ.,* 358 S.W.2d 353, 359 (Ky.1961). No such exceptional circumstances existed here. This appointment was a routine matter. As Assistant Superintendent, if she was acting as such, plaintiff could have reminded the Superintendent that the statutory formalities had to be met.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. That the motion of the defendant Harlan County Board of Education for summary judgment (Doc. # 58) be, and it is, **granted;**

2. That the motion of the defendant Harlan County Board of Education for leave to file its brief out of time (Doc. # 63) be, and it is, **denied as moot.**

### *JUDGMENT*

Pursuant to the Order of September 30, 1994 and the Opinion and Order, entered concurrently herewith, the court being advised,

**IT IS ORDERED AND ADJUDGED** that this action be, and it is, hereby **dismissed,** with prejudice, at the cost of the plaintiff herein.