979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Andrew CULLENS, Plaintiff-Appellant,
v.
Donald L. BEMIS; Defendant-Appellee,
Michigan Department of Corrections; Michigan Board of
Education; Spring Arbor College, Defendants.
 No. 92-1582.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Andrew Cullens, a pro se Michigan prisoner, appeals the district court's order granting summary judgment for the defendant and dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Cullens sued the Michigan Department of Corrections (MDOC), Michigan Board (i.e., Department) of Education (MDOE), Michigan Superintendent of Public Instruction (Bemis), and Spring Arbor College, which is a private college participating in Michigan's Prisoner Education Project. He alleged that Bemis and the MDOE, without his authorization, released his educational records from John Wesley College to Spring Arbor College, which lost them.
 
 
 3
 The district court dismissed Cullens's complaint pursuant to 28 U.S.C. § 1915(d) as to all of the defendants except Bemis in an order filed January 6, 1992. The district court found that while Bemis could not be sued for damages under § 1983 in his official capacity, he could be sued for prospective injunctive relief based upon a possible violation of Cullens's rights under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Cullens's subsequent motion to amend his pleadings was denied by a magistrate judge. In a report filed March 24, 1992, the magistrate judge recommended that the defendant's motion for summary judgment be granted. The district court overruled Cullens's objections and dismissed his complaint in an order filed April 30, 1992.
 
 
 4
 On appeal, Cullens argues that: (1) the district court failed to consider his constitutionally-protected property interest in his college credits and transcript, (2) Spring Arbor acted under the auspices of state authority and should not have been dismissed, (3) the district court erroneously concluded that Bemis did not possess his college records, and (4) the district court erroneously denied him leave to amend his complaint. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review we conclude the district court properly granted summary judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 The district court correctly noted that FERPA itself does not give rise to a private cause of action, but does create an interest that may be vindicated in a § 1983 action. See Tarka v. Cunningham, 917 F.2d 890, 891 (5th Cir.1990); Fay v. South Colonie Cent. School Dist., 802 F.2d 21, 33 (2d Cir.1986). Nonetheless, none of the named defendants may be held liable under § 1983 for the apparent loss of Cullens's records.
 
 
 7
 Cullens does not challenge on appeal the district court's dismissal of the MDOC and the MDOE. Thus, his allegations against those defendants are considered abandoned and their dismissal is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, these state agencies are absolutely immune under the Eleventh Amendment. See Papasan v. Allain, 478 U.S. 265, 276-79 (1986).
 
 
 8
 Spring Arbor was properly dismissed because Cullens has failed to establish a sufficient nexus between Spring Arbor and the state so that the private defendant may be treated as a state actor and its act treated as that of the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Whittington v. Milby, 928 F.2d 188, 193 (6th Cir.) (per curiam), cert. denied, 112 S.Ct. 236 (1991).
 
 
 9
 In addition, the district court did not err in finding that Bemis did not have possession of Cullens's college records and so could not be held liable for their loss. The undisputed affidavit of David Hanson, an MDOE employee, establishes that Hanson personally picked up and delivered the student academic records of John Wesley College. Section 1983 liability may not be based upon respondeat superior, but requires evidence that the supervisor condoned, encouraged, or participated in the alleged misconduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). There is no such evidence present in this case.
 
 
 10
 Nor did the district court err in denying Cullens's motion to amend his complaint because the proposed amendment could not save this action. Spring Arbor's alleged failure to locate Cullens's records constitutes at most mere negligence. As such, it is insufficient to invoke due process protection. See Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986). Moreover, Cullens did not plead or prove the inadequacy of state remedies as required to state a cause of action for the denial of due process rights in federal court. See Hudson v. Palmer, 468 U.S. 517, 534 (1984).
 
 
 11
 In light of the above, Cullens's argument that the district court did not consider whether he has a property interest in his college credits and transcript protected by due process is moot.
 
 
 12
 Accordingly, we deny the request for counsel. The district court's order, filed April 30, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.