Jane DOE, Plaintiff,

v.

KNOX COUNTY BOARD
OF EDUCATION, et
al., Defendants.

No. 95–152.

United States District Court,
E.D. Kentucky,
London Division.

March 6, 1996.

Edward E. Dove, Lexington, KY, for Jane Doe, by and through her next friend Mary Doe.

Winter R. Huff, Somerset, KY, for Knox County Board of Education, Robert Lockhart, Chair, Knox County Board of Education, Gerald West, William Reed Brewer, Gilbert Smith, Randall Young, Board Members Knox County Board of Education, Martin Carr, Superintendent Knox County Board of Education, David Woods, Special Education Coordinator, Knox County Schools.

## ORDER

COFFMAN, District Judge.

### Background

The plaintiff, Jane Doe, files this action pursuant to 42 U.S.C. § 1983. She claims that the defendants violated her civil rights, in that they violated the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g; the right to academic privacy guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and the Kentucky Family Education Rights and Privacy Act ("KFERPA"), K.R.S. 160.700, et seq. The plaintiff also asserts two tort claims: intentional infliction of emotional distress and invasion of privacy. The defendants' memorandum in support of their motion to dismiss addresses the plaintiff's federal and state FERPA claims and, indirectly, the tort claims. Their memorandum does not address the plaintiff's equal protection claim.

The plaintiff is a thirteen-year-old hermaphrodite. In 1994, a dispute arose between the plaintiff's mother, Mary Doe, and defendant Knox County Board of Education ("Board"). Mary was not satisfied with her daughter's educational plan and requested a due process hearing on the issue. A hearing officer held the hearing on August 18, 19 and 20, 1994. During the hearing, the hearing officer entered a protective order prohibiting the disclosure of the plaintiff's confidential records. The plaintiff alleges that the defendants discussed the plaintiff's educational placement, medical condition and disability with a newspaper reporter. The defendants allege that, in accordance with applicable law, the members of the Board discussed the reasons for emergency purchases made on behalf of the plaintiff and that discussions with the reporter were in that context. In any event, the following appeared in the *Mountain Advocate*:

As an alternative to the residential placement, the emotional behavior disorder (EBD) unit was established at Lay Elementary at the beginning of the 1994–95 school year for the fifth through eighth grade.

A written explanation in the board of education agenda from recent meeting stated that the EBD unit was created because of a 12–year–old female with severe emotional and behavioral problems, resulting primarily from a medical condition, hermaphroditism.

Hermaphroditism is a person born having both male and female reproductive organs.

The plaintiff is suing the superintendent of the Knox County School District and several members of the Board in their individual and official capacities. The plaintiff is also suing the Board.

### The Eleventh Amendment and Sovereign Immunity

The defendants argue that the Eleventh Amendment bars actions against the Board and against the Board members in their official capacities. They argue that the Board is a state agency, that the other defendants are state officials and that claims against state officials in their official capacities are the same as claims against the state itself. However, the defendants fail to cite either *Blackburn v. Floyd County Bd. of Educ.*, 749 F.Supp. 159 (E.D.Ky.1990), in which they were defense counsel, or *Tolliver v. Harlan County Bd. of Educ.*, 887 F.Supp. 144 (E.D.Ky.1995). In both cases, district judges within the Eastern District of Kentucky rejected these arguments. This Court will do so as well.

■ The Eleventh Amendment prohibits an action for damages against a state in federal court, absent a waiver of such immunity by the state. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Eleventh Amendment immunity protects state agencies which are "arms of the state," but does not shield local political subdivisions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (school district in Ohio was held to be a political subdivision, rather than an arm of the state, under Ohio law). The question of whether an agency or entity is an arm of the state is resolved with reference to the law of the state in question. *Id.*

■ This Court agrees with Judges Bertelsman and Hood, who have denied Eleventh Amendment immunity to local Kentucky school boards. In *Blackburn, supra,* Judge Hood thoroughly reviewed the law before denying defendants' motion for summary judgment, and concluded that local Kentucky school boards are not arms of the state. Five years later, in *Tolliver, supra,* which was a case arising in this London Division of the Eastern District of Kentucky, Judge Bertelsman rejected defense arguments that recent legislative changes effectively reversed *Blackburn.* Concurring with both of these opinions, this Court finds that the Knox County Board of Education is a local political subdivision and not an arm of the state, and that the Board is thus not entitled to Eleventh Amendment immunity.

■ The defendants' sovereign immunity argument does not apply to the plaintiff's federal claims, as sovereign immunity is insufficient to defeat a federal civil rights complaint alleged pursuant to 42 U.S.C. § 1983. This matter is decided, instead, with reference to federal law. *Accord Blackburn, supra. See Howlett v. Rose*, 496 U.S. 356, 377, 110 S.Ct. 2430, 2443–44, 110 L.Ed.2d 332 (1990).

■ The defendants' sovereign immunity argument as it applies to the plaintiff's state law claims against the Board and against both the superintendent and the Board members in their official capacities has merit. The Kentucky Supreme Court has held that county boards of education are entitled to state sovereign immunity: "At least since 1941 this Court has recognized that a County Board of Education is an arm of state government, and as such enjoys state sovereign immunity against liability and tort." *Clevinger v. Board of Educ. of Pike County*, 789 S.W.2d 5, 10 (Ky.1990). *See also Calvert Investments, Inc. v. Louisville & Jefferson County Metropolitan Sewer Dist.*, 805 S.W.2d 133, 137 (Ky.1991) ("The distinction we have made in Kentucky cases between municipal corporations and counties, and municipal corporations and school districts, is recognized and commented on in *Restatement, Second, Torts ....*").

Therefore, sovereign immunity bars the plaintiff's state tort claims against the Board and against the superintendent and the members of the Board in their official capacities.[1] Likewise, sovereign immunity bars the plaintiff's claim for damages against the Board and against the superintendent and the Board members in their official capacities for the defendant's alleged violation of KFERPA. Claims for injunctive or declaratory relief against those entities, however, may proceed.

## FERPA

■] The plaintiff claims that the defendants violated her civil rights when they violated FERPA. The defendants argue that, even if they did violate FERPA, they are not liable to the plaintiffs because FERPA does not provide a private cause of action. The plaintiff does not dispute this but argues that a FERPA violation may be the basis for a claim under 42 U.S.C. § 1983. The defendants point out that all jurisdictions have not agreed on whether a plaintiff may recover under § 1983 for a violation of FERPA. However, the Sixth Circuit has addressed the issue. In an unpublished decision, the Sixth Circuit stated, "The district court correctly noted that FERPA itself does not give rise to a private cause of action, but does create an interest that may be vindicated in a § 1983 action." *Cullens v. Bemis,* No. 91–73980, 1992 WL 337688, at *2 (6th Cir. Nov. 18, 1992). This holding is in accord with decisions in several other federal courts. *See, e.g., Tarka v. Cunningham,* 917 F.2d 890, 891 (5th Cir.1990); *Fay v. South Colonie Central Sch. Dist.,* 802 F.2d 21, 33 (2d Cir. 1986); *Maynard v. Greater Hoyt Sch. Dist. No. 61–4,* 876 F.Supp. 1104, 1107 (D.S.D. 1995). The plaintiff's FERPA-based § 1983 claim may thus proceed.

■ Consequently, the Court must determine the applicability of FERPA to the plaintiff's claim. The plaintiff alleges that the defendants violated FERPA by releasing specific identifiable information without the

consent or knowledge of the plaintiff. 20 U.S.C. § 1232g(b)(1) provides as follows:

No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information ...) of students without the written consent of their parents to any individual, agency, or organization, other than to the following....

The statute proceeds to list the exceptions, none of which includes newspapers or newspaper reporters.

Thus, the question becomes whether the information disclosed in the due process hearing and reported by the *Mountain Advocate* was personally identifiable. The defendants argue that the information was not identifiable and that one who did not already know this student would not have learned the identity of the student based on the information in the newspaper article. The defendants may be correct but that is an issue of fact that the jury must decide at trial.

## KFERPA

■ The plaintiff's claim pursuant to KFERPA against the superintendent and Board members in their individual capacities for full relief and against the Board and the superintendent and Board members in their official capacities for declaratory and injunctive relief remains. K.R.S. 160.720(2) provides, "Educational institutions shall not permit the release or disclosure of records, reports, or identifiable information on students to third parties ... without parental or eligible student consent...." The statute proceeds to list several exceptions, none of which includes newspapers or newspaper reporters.

■ The defendants argue that the information was not identifiable. As discussed above, this is a question of fact for a jury to decide at trial. The defendants also argue

---

1. "Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' ... [A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

that K.R.S. 160.990 provides the exclusive remedies available under this statute. The Court disagrees. K.R.S. 160.990 is not part of KFERPA, and its provisions apply to statutes that are not part of KFERPA. Accordingly, the defendants' motion to dismiss fails with regard to the individual-capacity KFERPA claims and any KFERPA claims for injunctive or declaratory relief against the Board or the Board members and the superintendent in their official capacities.

## Qualified Immunity

The Board members and superintendent argue that they are entitled to qualified immunity with regard to the claims against them in their individual capacities. Government officials performing discretionary functions generally are immune from personal liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). When analyzing whether a right is clearly established, a district court must carefully define the right at issue. *Baker v. Hadley*, No. 95–3038, 1995 WL 717029, at *3 (6th Cir. Dec. 5, 1995).

The issue in the present case is whether the plaintiff's right to avoid disclosure of the information printed in the *Mountain Advocate* was clearly established by federal statute or by the constitution. *FERPA* clearly establishes a right of freedom from a board of education's disclosure of personally identifiable information contained in education records. The defendants do not dispute that the information was contained in education records. Therefore, the question becomes whether the disclosed information was personally identifiable. The defendants argue that it was not. However, for purposes of a motion to dismiss, the Court must view the plaintiff's factual allegations in a light most favorable to the plaintiff. Viewed in this way, the information reported in the *Mountain Advocate* was personally identifiable. This is especially true within the context of a motion to dismiss, when the parties have had insufficient opportunity to develop the facts. Subsequent discovery will shed greater light on this issue, and the defendants may raise their qualified immunity argument in a motion for summary judgment or at trial if appropriate. The defendants have not raised directly the argument that the Board's members reasonably thought the disclosure complied with FERPA. *See Anderson*. However, the Court notes that if the information was identifiable, disclosing it to the press was not reasonable. For purposes of the motion to dismiss, the Court will not hold, at this stage, that the Board members had qualified immunity for purposes of the § 1983 claim that the Board members violated FERPA.

Because the parties have not addressed thoroughly the § 1983 claim that the Board members violated the plaintiff's Constitutional right to academic privacy, the Court will not rule on the Board members' qualified immunity argument as it applies to that claim.

## Conclusion

Accordingly, the Court ORDERS that

1) The defendants' motion to dismiss is GRANTED with respect to the plaintiff's state tort claims against the Board and the superintendent and Board members in their official capacities and the plaintiff's claim for damages under KFERPA against the Board and the superintendent and Board members in their official capacities.

2) The defendants' motion to dismiss is DENIED on all other grounds and for all other claims.