Kevin **HARTFIELD**, et al., Plaintiffs,

v.

**EAST GRAND RAPIDS PUBLIC SCHOOLS**, et al., Defendants.

No. 1:96–cv–318.

United States District Court, W.D. Michigan, Southern Division.

Feb. 14, 1997.

Kevin Hartfield, East Grand Rapids, pro se.

Joyce Hartfield, East Grand Rapids, pro se.

John Patrick White, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, for defendants.

## OPINION

HILLMAN, Senior District Judge.

Plaintiff parents and their minor children have brought this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants deprived them of their rights to due process and equal protection in receipt of a public education. Presently before the court is defendants' motion to dismiss. Having reviewed the submissions of the parties, the court concludes that the complaint should be dismissed because plaintiffs have failed to state a claim on which relief can be granted.

## FACTS

Plaintiffs Joyce and Kevin Hartfield and their minor children have filed suit against defendant East Grand Rapids Public Schools, as well as various individual school officials and members of the school board. It appears from the complaint that plaintiffs have had ongoing disputes with the East Grand Rapids Public Schools concerning the edu-

cation of the Hartfield children.[1] As a result of some of these disputes, plaintiffs allege that they removed their children from the defendant schools and elected to home school them. After defendants reported plaintiff children absent from school, plaintiffs were prosecuted and convicted for truancy violations in a Michigan district court. Plaintiffs appealed the convictions to the Kent County, Michigan Circuit Court, where those appeals presently are pending.

Plaintiffs originally filed a complaint in this court on August 16, 1995, against multiple defendants, including East Grand Rapids Public Schools and the related individual defendants, as well as the Michigan Department of Education and the Kent County Prosecutor. In that complaint, plaintiffs alleged that their prosecution for truancy violated their rights under the Constitution. While motions to dismiss were pending, plaintiffs stipulated to dismissal without prejudice on November 20, 1995.

The present action was filed on April 17, 1996. Defendants filed a motion to dismiss and/or for more definite statement of plaintiffs' claims. (Docket # 8) Because of the vagueness of plaintiffs' complaint, the magistrate judge granted defendants' motion for more definite statement and ordered plaintiffs to file an amended complaint. (Docket # 15) The parties also were ordered to submit supplemental briefing on the pending motion to dismiss, should plaintiffs' amended complaint not resolve all issues. Plaintiffs submitted a pleading entitled "Response to More Definite Statement Requested," which will be treated by this court as an amended complaint. (Docket # 17) Both sides filed supplemental briefs.

Taking plaintiffs' more definite statement together with the original complaint, it appears that plaintiffs have raised four claims. First, plaintiffs allege that the school district suspended LaQuan Alexander without due process of law, and failed to advise the parents of the manner in which they could appeal the school board's decision. Second,

plaintiffs apparently allege that on April 15, 1993, they were denied the right to review LaQuan Alexander's educational records. Third, plaintiffs allege that on February 21, 1991, April 21, 1992, and October 23, 1991, they refused testing of Kevin and Doye Hartfield for placement in special education classes. As a consequence of that refusal, plaintiffs allege that the school district required the two children to repeat eighth grade, allegedly without providing a due process hearing. Fourth, plaintiffs contend that they were deprived of due process when the school district filed a complaint for truancy on the basis of the Hartfield children's absence from school, which led to plaintiffs subsequently being found guilty of truancy charges. Plaintiffs also generally suggest that the underlying cause of many difficulties was racial discrimination and unequal treatment.

Defendants have moved to dismiss on several grounds. First, defendants contend that plaintiffs have failed to set forth any due process or equal protection claim in the suspension of LaQuan Alexander. Second, defendants claim that the alleged failure to allow inspection of LaQuan's educational record is barred by the statute of limitations. Third, defendants contend that any claim based on the failure to hold a hearing to determine whether Doye and Kevin should be tested for special educational needs is barred by the statute of limitations and fails to state a claim for relief under 42 U.S.C. § 1983. Fourth, defendants contend that plaintiffs have failed to state a claim with respect to their allegations that defendants violated their rights by reporting the Hartfield children's truancy. Even had plaintiffs stated such a claim, however, defendants contend that this court must abstain from exercising jurisdiction over such a claim because the truancy charges are pending state criminal proceedings.

### STANDARD OF REVIEW

On a motion to dismiss an action pursuant to Fed.R.Civ.P. 12(b)(6), the court will con-

---

1. The plaintiff children are Corey Lamon Alexander, Doye Hartfield, LaQuan Alexander, LaShonda Alexander and Kevin Hartfield, Jr. The court will refer to the children collectively as the "Hartfield" children in the interest of consistency. For purposes of this motion, the court need not address whether the minor children are appropriate parties before this court.

strue the complaint in the light most favorable to the plaintiff. *Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir.1996). Accepting all factual allegations as true, the court must determine whether plaintiff can prove any set of facts in support of the claim that would merit relief. *Id.* Under the liberal pleading standard of the federal rules, "all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)).

■ In addition, a court will review a complaint drafted by pro se litigants less stringently than those prepared by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). The court need not, however, conjure up allegations where the complaint is inadequate. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

### DISCUSSION

### A. *Suspension of LaQuan Alexander*

According to plaintiffs' submissions, on March 31, 1993, LaQuan Alexander was suspended for ten days by defendant school district on the basis of evidence that he had misappropriated certain computer program disks from Lakeside Elementary School. Plaintiffs claim that they were denied due process when the school district neglected to inform them that they had a right to appeal the June 16, 1993, school board decision to uphold that suspension. In support of their claim, plaintiffs refer to an excerpt from a school district handbook for parents, which they have attached to their amended complaint.

■ In essence, plaintiffs allege that defendants violated state law when they failed to give plaintiffs appeal rights beyond the decision of the board of education for the district. On June 30, 1993, the time of the alleged deprivation, however, Michigan law provided that a local school board "may authorize or order the suspension or expulsion of a pupil guilty of gross misdemeanor or persistent disobedience when in the board's judgment the interest of the school may demand the authorization or order." Mich. Comp. L. § 380.1311 (subsequently amended, effective December 31, 1993). State law did not provide that plaintiffs were entitled to have a higher body decide the question of the school suspension.

In addition, the handbook excerpts provided by plaintiffs relate to expulsion, not suspension, and do not state that additional appeal procedures existed in this case, only that the district should notify the parent of "the appropriate appeal authority" in cases when such an appeal is available. While plaintiffs note that police reports refer to the suspension as an "expulsion," plaintiffs own admissions demonstrate that LaQuan was suspended for ten school days and eligible to return to school on April 15, 1993. *See* Plaintiffs' chronology attached to Docket # 13. Plaintiffs therefore have failed to allege adequately any breach of district policy or state law.

■ Moreover, even had plaintiffs established a right to particular procedures under state law, they nevertheless have failed to state a deprivation of constitutional dimension. Under federal law, a "[v]iolation of a state's formal procedure ... does not in and of itself implicate constitutional due process concerns." *Purisch v. Tennessee Tech. Univ.,* 76 F.3d 1414, 1423 (6th Cir.1996). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.), *cert.denied,* 509 U.S. 907, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993).

■ In the context of school discipline, the Supreme Court has held that the Due Process Clause requires that before a school may order a suspension of ten days or less, a student be given notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story. *See Goss v. Lopez,* 419 U.S. 565, 581, 95 S.Ct. 729, 739–40, 42 L.Ed.2d 725 (1975). *See also Buchanan v. City of Bolivar,* 99 F.3d 1352, 1358 (6th Cir.1996). Here, plaintiffs have not alleged that they were deprived

of notice of the suspension, the nature of the charges, or an opportunity to be heard. In fact, in Exhibit 2 to their opposition to defendants' motion to dismiss (Docket # 13) plaintiffs recite a chronology of events that demonstrates that they received more than notice and an opportunity to be heard. Plaintiffs admit that they received opportunities to appeal the principal's decision to Superintendent Morse, to a committee of the board of education, and finally to the full board, all of whom upheld the decision to suspend LaQuan. Plaintiffs also attached a copy of the report to the school board from the school board committee, detailing the hearing proceedings.

Plaintiffs' own allegations and admissions therefore establish that they received constitutionally adequate process in the matter of LaQuan's suspension. Therefore, accepting plaintiffs' submissions as true, they nevertheless have failed to state a claim of violation of their constitutional right to due process.

■ In addition, plaintiffs have failed to state a claim that they were denied their rights to equal protection of the laws. The Equal Protection Clause requires public institutions to treat similarly situated individuals in a similar manner. *Buchanan*, 99 F.3d at 1360. Plaintiffs have made no allegations that other incidents involving accusations of larceny were treated differently from those involving LaQuan Alexander. Nor have plaintiffs made any other factual allegation that would support an inference of racial discrimination in the handling of the larceny charge. As a result, plaintiffs have failed to state a claim that their right to equal protection was violated by any conduct of defendants.

In sum, plaintiffs' allegations, taken as true, fail to state a deprivation of constitutional magnitude cognizable under 42 U.S.C. § 1983.

### B. *Review of LaQuan's Educational Records*

Plaintiffs have alleged that their federal rights were violated when they were not allowed to review LaQuan Alexander's educational records. Plaintiffs' complaint does not reference the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, but plaintiffs have attached certain documents referencing the statute from which they apparently draw their claim of right. For purposes of this motion, therefore, the court concludes that the complaint intends to state a claim for relief under the FERPA.

■ It is well established that the FERPA does not create a private right of action. *See, e.g., Tarka v. Cunningham*, 917 F.2d 890, 891 (5th Cir.1990); *Fay v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 33 (2d Cir. 1986). For purposes of this decision, however, I will assume that the Sixth Circuit would follow its holding in an unpublished decision, allowing enforcement of the FERPA under 42 U.S.C. § 1983. *See Cullens v. Bemis*, No. 92–1582, 1992 WL 337688, at * 1 (6th Cir. 1992). *See also Doe v. Knox County Bd. of Educ.*, 918 F.Supp. 181, 183 (E.D.Ky.1996).

■ In actions under 42 U.S.C. § 1983, the applicable statute of limitations is the limitations period for general personal injury actions in the state in which the action arises. *See, e.g., McSurely v. Hutchison*, 823 F.2d 1002, 1004–05 (6th Cir.1987), *cert.denied*, 485 U.S. 934, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988). A three-year statute of limitations applies to § 1983 actions arising in Michigan. *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir.1990), *cert. denied* 498 U.S. 903, 111 S.Ct. 265, 112 L.Ed.2d 222 (1990). *see also* Mich. Comp. L. § 600.5805(8) (setting forth three-year statute of limitations for personal injury actions).

Plaintiffs have alleged that they were denied the right to review LaQuan's records on April 15, 1993. Plaintiffs' complaint was not filed until April 17, 1996, outside the three-year limitations period.

In their response to defendants' supplemental brief on this motion to dismiss, however, plaintiffs argue that the April 15, 1993, claim is not time-barred. Specifically, they claim that defendants released LaQuan's records to the Michigan Department of Civil Rights later than April 15, 1993. They therefore argue that their claim based on the April 15 incident is timely because, having

been denied the opportunity to review and correct the records, they were injured by later releases of records.

 A cause of action accrues under section 1983 at the time a reasonable person should have been alerted to protect his or her rights. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991). Plaintiffs' claim is based on an injury that occurred on April 15, 1993. At the time defendants' denied a federal right, the action accrued, regardless of whether certain effects were experienced at a later time. *See Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) ("[T]he proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.").

Accordingly, plaintiff's complaint is time-barred.[2]

### C. *Special Education Testing*

Plaintiffs have alleged that they were deprived of their rights to due process and equal protection by the failure of defendants to provide a hearing to determine whether Doye Hartfield and Kevin Hartfield should remain in eighth grade or be tested for special education needs.

The parties agree that defendants asked plaintiff parents to allow special education testing of Doye and Kevin on February 21, 1991, October 23, 1991, and April 21, 1992, but plaintiffs refused to allow such testing. Plaintiffs now contend that the school district could have sought a due process hearing to allow a special education evaluation, over the objections of the parents. As the basis for this claim, plaintiffs have attached a chart and policy showing that a school district may seek a due process hearing to obtain a special education evaluation if the parents refuse to agree to such testing. Plaintiffs also claim that, since the school district failed to seek a

due process hearing, it was without authority to refuse to promote Doye and Kevin to the next grade levels. Plaintiffs therefore allege that Doye Hartfield was improperly held back in June 1993 and that Kevin was improperly held back in June 1995.

 To the extent that plaintiffs' claims are based on conduct prior to April 16, 1993, outside the three-year limitations period for 42 U.S.C. § 1983 claims, they are time-barred and must be dismissed. *Jones*, 905 F.2d at 909. To the extent that plaintiffs complain that they had a right to a hearing to obtain special education testing, plaintiffs have stated no cognizable claim. While the policy plaintiff relies upon may allow a district to obtain an evaluation over parental objections, that policy is permissive, not mandatory. Further, even if plaintiffs had a right to a particular procedure under state law, denial of their procedural rights would not implicate their constitutional right to due process. *See Purisch*, 76 F.3d at 1423. Moreover, plaintiffs' present claim that defendants violated their rights by not forcing them to accept something that they were offered and refused is frivolous at best.

The question remaining is whether plaintiffs had a right to a due process hearing before a decision was made not to promote the Hartfield children to the next grade level. Initially, I observe that the complaint is devoid of allegations that Doye and Kevin met school standards for promotion. Plaintiffs instead have placed the cart before the horse, alleging that they were entitled to a hearing without alleging that they had a protectable interest in being promoted.

 In addition, in order to state an actionable claim for violation of procedural due process, plaintiffs must establish that Doye and Kevin Hartfield had a liberty or property interest in promotion to the ninth grade.

**2.** Arguably, plaintiffs may intend to imply in their supplemental brief that they have additional claims under the FERPA not set forth in their complaints. On a motion to dismiss, the court must look to the allegations contained in the pleadings. *See* Fed.R.Civ.P. 12(b)(6). Despite being allowed to amend their complaint in response to defendants' motion to dismiss, plaintiffs have failed to allege in either of their com-

plaints any violation of the FERPA other than that defendants' denied their right to review La-Quan's educational record on April 15, 1993. In fact, other possible violations have not been identified with any specificity in their supplemental brief. Having just extended to plaintiffs the opportunity to amend their complaint, I decline to anticipate possible claims not set forth in either complaint. *See Wells*, 891 F.2d at 594.

*See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). No such property or liberty interest exists. *See Killion v. Burl,* 860 F.2d 306 (8th Cir.1988) (holding no due process liberty or property interest in promotion to second grade) (citing *Michigan v. Ewing,* 474 U.S. 214, 222 n. 7, 106 S.Ct. 507, 511–12 n. 7, 88 L.Ed.2d 523 (1985)). *See also Gallagher v. Pontiac Sch. Dist.,* 807 F.2d 75, 79 (6th Cir.1986) ("The system of public education . . . relies necessarily upon the discretion and judgment of school administrators and school board members, and § 1983 was not intended to be a vehicle for federal-court corrections of errors in the exercise of that discretion which do not rise to the level of specific constitutional guarantees.").

■ However, even assuming plaintiffs had a property interest in being promoted to the next grade level, no due process hearing would be required before a student is held back for academic reasons. *See Board of Curators of Univ. of Missouri v. Horowitz,* 435 U.S. 78, 86–89, 98 S.Ct. 948, 953–55, 55 L.Ed.2d 124 (1978) (holding that, because of the subjective and discretionary judgments required for academic decisions, no due process hearing is required before dismissal for academic, as opposed to disciplinary, reasons).

■ Moreover, implicit in plaintiffs' multiple allegations is an understanding that plaintiffs had an opportunity to present their view regarding promotion. Even if plaintiffs were entitled to due process before implementation of the decision to promote, the most plaintiffs were entitled to was notice and an opportunity to be heard. *See Purisch,* 76 F.3d at 1424 ("In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action.") (quoting, *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985)). *Cf. Goss,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (holding that, for a suspension, due process requires only notice and an opportunity to be heard). Plaintiffs' allegations effectively acknowledge that they received such an opportunity. Consequently, plaintiffs have alleged no deprivation of their rights to due process.

■ In addition, although the claim is not clear from either complaint, plaintiffs may have intended to allege that Doye and Kevin were not promoted because of their race, in violation of their equal protection rights. In order to claim of violation of equal protection rights, plaintiffs must establish that Doye and Kevin were treated differently because of their race from similarly situated white students. *Id.* at 307. *See also San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Plaintiffs have made no allegations that Doye and Kevin Hartfield were treated differently from white students in the manner in which they were graded and made eligible for promotion. In fact, plaintiffs have made no allegations about how Doye and Kevin were mistreated. Instead, plaintiffs have constructed a theory of deprivation solely on the basis of the absence of a formal hearing that they believe was required under state law.

Despite providing to plaintiffs the broadest possible reading of all of their allegations, plaintiffs have failed to state a claim for relief under federal law.

### D. *Notice of Truancy*

Plaintiffs final claim is that defendants violated their rights to equal protection and due process by transmitting to the prosecutor a truancy complaint on the basis of the continuing absence from school of the Hartfield children. Plaintiffs have alleged that they did not return their children to East Grand Rapids schools following LaQuan's suspension because the district failed to provide what plaintiffs perceived as adequate assurances that racial discrimination within the district would cease. Plaintiffs allege that they were threatened with the filing of a truancy complaint and that, in October 1993, the school forwarded their children's attendance records to their attorney and that subsequently a complaint for truancy was issued against plaintiffs. As a result, plaintiffs allege that they were harassed, both by school warnings that a complaint for truancy would be filed and by the subsequent charge and conviction for truancy. Plaintiffs alternately allege that the school district violated their

rights by waiting nearly two years before filing a truancy complaint. Plaintiffs' complaint therefore is that the school district discriminated against them both by filing the complaint for truancy and by not filing the complaint for truancy within a reasonable time.

Although plaintiffs have alleged violation of equal protection and due process rights in the transmission of a complaint for truancy, under the circumstances alleged by plaintiffs, defendants observed the mandatory requirements of Michigan law. Defendants were required both to notify plaintiffs that their children were required by law to attend and that a truancy complaint would be filed, as well as to file such a complaint. *See* Mich. Comp. L. §§ 380.1586—380.1588. Plaintiffs also acknowledge that their attempts to home-school in 1993 did not qualify within Michigan's private and parochial schools act, Mich. Comp. L. §§ 388.551 to 558. *See People v. Bennett,* 442 Mich. 316, 501 N.W.2d 106 (1993) (holding that, before being prosecuted for truancy, parents are entitled to demonstrate that their home schooling meets the requirements of the Act). *See* Original Complaint, Attachment (10/3/95 letter from defendant Morse to plaintiffs with handwritten notes thereon admitting not qualified). Plaintiffs' allegations, therefore, even if true, were in accordance with the law.

In addition, even had plaintiffs stated a section 1983 claim, that claim essentially amounts to a challenge to the truancy charge pending at the time they filed the instant lawsuit. Federal courts generally are required to abstain from exercising jurisdiction over claims involving pending state criminal proceedings. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). A claim may be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) if the matter is appropriately within the principles of *Younger* abstention. *See Kelm v. C. Hyatt,* 44 F.3d 415, 418 (6th Cir.1995).

Under *Younger,* a federal court must abstain from adjudicating federal claims where:

(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.

*Kelm,* 44 F.3d at 419. As the Sixth Circuit has held, "'if a state proceeding is pending at the time the action is filed in federal court, the first criteria [sic] for *Younger* abstention is satisfied.'" *Id,* (quoting *Federal Express Corp. v. Tennessee Pub. Serv. Comm'n,* 925 F.2d 962, 969 (6th Cir.), *cert. denied,* 502 U.S. 812, 112 S.Ct. 59, 116 L.Ed.2d 35 (1991)). Plaintiffs do not dispute that the truancy action was pending at the time they filed the instant complaint.

With respect to the second prong, there can be no rational dispute that the state has legitimate and significant interest in educating children. *See Bennett,* 442 Mich. at 354, 501 N.W.2d 106 (citing *Brown v. Bd. of Educ.,* 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873 (1954)). Plaintiffs do not dispute the state's significant interests.

Third, plaintiffs have made no claim that they have been denied a full opportunity to litigate the constitutionality of the truancy charges before the state court. As evidenced by the attachments to plaintiffs' complaint and briefs, plaintiffs have invoked their alleged constitutional deprivations in every forum conceivably available to them. State courts are bound by the constitution in applying their laws. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987) (federal courts should presume that state courts will address constitutional claims in absence of clear authority to the contrary). Moreover, as a matter of practice, Michigan courts previously have considered constitutional issues in the application of its truancy laws. *See, e.g., Bennett,* 442 Mich. 316, 501 N.W.2d 106 (evaluating parents' constitutional claims).

In sum, because the state truancy proceeding meets the test for *Younger* abstention, this court must abstain from litigating plaintiffs' challenges to the institution of truancy charges against them. Plaintiffs' claims based on the truancy proceeding therefore are dismissed.

## 1268

### E. Generalized Claims of Racial Discrimination

 Throughout plaintiffs' many submissions in this litigation, they have made generalized complaints about racial discrimination at the East Grand Rapids schools. However, as the Sixth Circuit has observed, conclusory allegations of unconstitutional conduct fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996). "Some factual basis for such claims must be set forth in the pleadings." *Id.*

To the extent plaintiffs have complained of conduct occurring at defendant schools before April 17, 1993, however, plaintiffs' complaints are barred by the three-year statute of limitations for section 1983 claims. The only actions alleged to have occurred after that date have been addressed by this court in the preceding sections of this opinion. The court finds no other allegations concerning specific instances of racial discrimination by these defendants that plaintiffs claim occurred later than that date. As a consequence, the court concludes that plaintiffs' generalized complaints of denial of equal protection fail to state any claim on which relief may be granted.

### CONCLUSION

For all the foregoing reasons, the court grants defendants' motion to dismiss plaintiffs' complaint in its entirety.

### ORDER

In accordance with the opinion filed this date,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED.** Plaintiffs' complaint is hereby dismissed in its entirety with prejudice.