**Mark TARKA, Plaintiff–Appellant,**

v.

**William H. CUNNINGHAM, et al., Defendants–Appellees.**

No. 90–8240

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1990.

---

Mark Tarka, Austin, Tex., pro se.

Judy Ponder, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Given pro se appellant Tarka's facility at writing and his persistence, combined with his practical litigation experience,[1] he might logically have chosen to attend law school rather than to pursue a science curriculum. Tarka was, however, a non-degree-seeking student at the University of Texas in the spring semester, 1989, when a dispute arose over the physics grade he was assigned by Professor Thompson. He filed suit under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g(a)(2), and under 42 U.S.C. § 1983. Because the district court dismissed for failure to state a claim, Tarka appeals. We affirm.

 The district court held that no private right of action exists under FERPA. 741 F.Supp. 1281. Although that is a correct statement of the law, an action under 42 U.S.C. § 1983 may nevertheless be premised on an alleged violation of FERPA rights. *Tarka v. Franklin*, 891 F.2d 102, 104–05 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1809, 108 L.Ed.2d 940 (1990); *Fay v. South Colonie Century School Dist.*, 802 F.2d 21, 33 (2d Cir.1986). Tarka alleged that his claim arises under § 1983. Consequently, we must determine the applicability of FERPA to his claim.

The district court alternatively ruled that Tarka's allegations do not state a violation of FERPA. The pertinent provision of that act reads as follows:

*No funds shall be made available* under any applicable program to any educational agency or institution *unless the parents of students* who are or have been in attendance at a school of such agency or at such institution *are provided an opportunity for a hearing* by such agency or institution, in accordance with regulations of the Secretary, *to challenge the content of such student's education records, in order to insure that the records are not inaccurate, misleading, or otherwise in violation of the privacy or other rights of students,* and to provide an opportunity for the correction or deletion of any such inaccurate, misleading or otherwise inappropriate data contained therein and to insert into such records a written explanation of the parents respecting the content of such records.

20 U.S.C. § 1232g(a)(2) (emphasis added).

 We interpret the highlighted portions of this statute as precluding a cause of action whose purpose is to challenge, except for ministerial error, the grade assigned to a student. The statute requires an educational institution to afford parents or "adult" students[2] the opportunity to challenge a student's education records "in order to insure that the records are not [a] inaccurate, [b] misleading, or [c] otherwise in violation of the privacy or [d] other rights of students ..." None of the types of errors sought to be corrected by the statute includes "error" founded in a dispute over the way a teacher grades his students. Students' grades, as reflected in educational records, can only be inaccurate or misleading if they do not reflect what the grader intended or if they are mathematically incorrect. Tarka does not contend, nor could he, that the university's maintenance of a record of his grade, at least where the class is not taken on a pass-fail or similar basis, violates any pri-

---

1. *See Tarka v. Franklin,* 891 F.2d 102 (5th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1809, 108 L.Ed.2d 940 (1990).

2. *See* 20 U.S.C. § 1232g, conferring the same rights on any student eighteen years old or attending a post secondary institution.

vacy right he may have. Finally, we do not read the "other rights of students" as including the right to challenge a professor's grading process. Congress could not have intended, simply by using that general phrase, to afford students a federal right, enforced by federal regulations, to challenge their teachers' or educational institutions' grading process. Such an action would effect a dramatic intrusion of federal authority into the setting of academic standards. We cannot conceive that Congress meant to legislate such an intrusion implicitly or indirectly.

Reinforcing the conclusion that the statute does not reach or regulate a challenge to the grading process itself is pertinent legislative history:

> There has been much concern that the right to a hearing will permit a parent or student to contest the grade given the student's performance in a course. That is not intended. It is intended only that there be procedures to challenge the accuracy of institutional records which record the grade which was actually given. Thus, the parents of student could seek to correct an improperly recorded grade, but could not through the hearing required pursuant to this law contest whether the teacher should have assigned a higher grade because the parents or students believe that the student was entitled to the higher grade.

120 Cong.Rec. 39,862 (1974) (Joint Statement in Explanation of Buckley/Pell Amendment).

Tarka concedes that, since he alleges no ministerial or mathematical error in his grade, FERPA does not allow him to challenge whether he should have received the "C" that appeared in his records or the "D" that the physics professor "actually" gave him. Whether characterized as a grade dispute or a challenge to the particular professor's grading process, however, Tarka's claim fails under FERPA. His pleadings suggest an ongoing dispute with the professor regarding a homework problem and the semester grade apparently resulting in part therefrom. Tarka pleads that the professor's responses to his questions

regarding the problem were "inadequate and failed to satisfy the plaintiff." He avers that the professor acted "deliberately and without regard for his official duties." When plaintiff inquired how the professor assigned him a grade, "seeking summary statistical data," the defendant's response was "incomplete and without value." According to the brief filed on behalf of the University of Texas, there are university procedures to resolve this dispute. FERPA does not create a statutory vehicle to bring such disputes into federal court, nor does it of its own force regulate them,—apart from inquiries into whether the grades were recorded "inaccurately" or "misleadingly".

We AFFIRM the district court's judgment of dismissal.