**Levelt FRANCOIS, Plaintiff,**

**v.**

**UNIVERSITY OF the DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 90–3083 (JHG).**

United States District Court, District of Columbia.

March 30, 1992.

Levelt François, pro se.

George C. Valentine, Chief, Gen. Litigation Section I, E. Louise Phillips, Asst. Corp. Counsel, D.C., Washington, D.C., for defendant.

### ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff, Levelt Francois, filed this *pro se* action against the defendant, the University of the District of Columbia ("UDC"), alleging that UDC violated rights guaranteed under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and under 42 U.S.C. § 1983 by releasing a transcript of his academic record to an agent of the United States Attorney's office without providing proper notification. Plaintiff further claims that as a direct result of UDC's failure to notify him of the release of his record, he was convicted of a drug offense and sentenced to more than fifteen years in prison. UDC has filed a motion to dismiss or, in the alternative, a motion for summary judgment. For reasons stated below, UDC's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff was enrolled at UDC from January, 1987 through the Spring of 1988. In early 1988, he was indicted on drug charges in the United States District Court for the Eastern District of Virginia. On April 11, 1988, and pursuant to the prosecution in the Eastern District of Virginia, a subpoena was issued to UDC requiring the University's registrar to appear at plaintiff's criminal trial, scheduled to commence April 27, 1988, and commanding the registrar to bring plaintiff's academic records to court. Although UDC and the registrar complied with the subpoena, plaintiff claims that notice of the compliance was never sent to him.[1] Plaintiff was convicted of the drug charges and was sentenced to more than fifteen years of incarceration. In this action, plaintiff seeks compensatory damages of $1,500,000 and punitive damages of $500,000 and further demands that UDC be precluded from receiving federal funds in any form. Plaintiff also requests that UDC pay the entire cost of this proceeding.

## DISCUSSION

In viewing a motion to dismiss, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). At this stage, the Court must accept as true the factual allegations of the complaint, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), and draw from them all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Accepting as true all of plaintiff's allegations of fact, plaintiff has clearly failed to state cognizable claims under 20 U.S.C. § 1232g and under 42 U.S.C. § 1983.

Section 1232g(b)(2) provides that no federal funds shall be available to any educational institution which releases educational records to any individual, agency, or organization not specifically excepted by statute, unless, among other exceptions, "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." Even if the facts as alleged by plaintiff establish a violation of § 1232g, however, failure to comply with § 1232g does not give rise to a private cause of action under FERPA. *See Tarka v. Cunningham*, 917 F.2d 890, 891 (5th Cir.1990); *Fay v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 33 (2d Cir.1986); *Girardier v. Webster College*, 563 F.2d 1267, 1276–77 (8th Cir.1977). Only the Secretary of Education or an administrative head of an education agency may take appropriate actions to enforce the provisions of FERPA, *see* § 1232g(f), and therefore, plaintiff's § 1232g claim must be dismissed.

In determining whether the plaintiff has alleged a valid claim under 42 U.S.C. § 1983, the Court must first decide: (1) "whether the conduct complained of was committed by [a person] acting under color of state law;" and (2) "whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Washington v. District of Columbia*, 802 F.2d 1478, 1480 (D.C.Cir.1986) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Although FERPA does not itself establish a private cause of action, courts have held that FERPA creates a federal right, the violation of which may give rise to a private claim under 42 U.S.C. § 1983.

---

**1.** The defendant claims that on April 27, 1988, the day of plaintiff's trial, the UDC Records Technician mailed a letter to plaintiff informing him of the subpoena. A copy of the letter allegedly sent to plaintiff is attached to defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.

*See, e.g., Tarka v. Cunningham* at 891; *Fay v. S. Colonie Cent. Sch. Dist.* at 33.

Regardless of whether a plaintiff can establish the existence of a federally created right, however, a claimant suing a municipality under 42 U.S.C. § 1983 must establish that the actions of the municipality's employees or agents giving rise to the claim were taken in accordance with the municipality's policy or custom. *See Monell v. Dept. of Social Servs. of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). In other words, the plaintiff must show a "course deliberately pursued by the city, as opposed to an action taken unilaterally by a nonpolicymaking municipal employee, and an affirmative link between the [municipality] and the particular ... violation alleged." *Carter v. District of Columbia,* 795 F.2d 116, 122 (D.C.Cir.1986) (citations omitted).

Even taking into account the Supreme Court's admonition that the pleadings of a *pro se* plaintiff are to be read with generosity, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977), plaintiff's complaint fails to allege any facts which, if proven, would establish that UDC's alleged failure to provide notice of compliance with the subpoena was the result of a policy or custom of the University or of the District of Columbia generally. Consequently, plaintiff's claim based on 42 U.S.C. § 1983 must be dismissed.

Accordingly, for the reasons stated above, it is hereby

ORDERED that this case is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.