ACCEPTED
15-24-00057-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/2/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

**Wolfgang P. Hirczy de Mino, Ph.D.**

wphdmphd@gmail.com

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/2/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

May 31, 2025

Hon. Christopher Prine, Clerk
Fifteenth Court of Appeals
Austin, Texas

## NOTICE OF SUPREME COURT DECISIONS

Re:   Cause No. 15-24-00057-CV
Style: Tarleton State University v. FIRE

Dear Mr. Prine:

Yesterday, May 30, 2025, the Texas Supreme Court took two actions germane to this case:

The High Court denied the pending motion for rehearing in *UT v. GateHouse*, Cause No. 23-0023 (Tex. 2025),[1] which largely controlled the merits disposition of the FERPA & PIA issues raised in this appeal from a similar open records suit against a different state university.



On the same day the Texas Supreme Court also issued a major decision on multiple justiciability doctrines, most notably mootness and the need for

---

[1] The University of Texas at Austin and Jay Hartzell, in His Official Capacity as Interim President of the University of Texas at Austin v. GateHouse Media Texas Holdings II, Inc., d/b/a Austin American- Statesman, Respondent, No. 23-0023, __ S.W.3d.___ (Tex. 2025).

1

a live controversy as a *sine-qua-non* of any Texas court's exercise of jurisdiction. See SCOTX Orders page for May 30, 22025, posted at: https://www.txcourts.gov/supreme/orders-opinions/2025/may/may-30-2025/

*See* [*TDFPS v. Grassroots Leadership, Inc.*](), No [23-0192]() (Tex. May 20, 2025)(holding that court of appeals erred in reaching the merits after the mothers' and their children's complaints became moot because they were no longer detained in the facilities at issue).

It has long been the rule that a court always has the power to determine whether it has itself jurisdiction. Assuming this Court possessed jurisdiction to issue a merits decision concerning the confidentiality of the University' student and faculty records at issue, its plenary power has not yet expired. Therefore, it does not matter whether any party has filed a timely motion for rehearing in this case.

In any event, jurisdiction is elemental and is properly taken up at any time *sua sponte*, especially when doubts as to its existence are expressly raised.

## Mootness in this Case: FIRE Gave Up On the Student Complaint Records

Based on Supreme Court's referenced decisions of May 30, 2025, this case became moot in part because there was no longer a live controversy regarding the records sought by FIRE pertaining to the faculty member targeted by FIRE. The redacted personnel file had been released (and is on file with this appellate court), while the redacted information and the underlying student complaint files are confidential under FERPA as construed and applied by the Supreme Court in the *GateHouse* case.

The controversy over the previously withheld and/or redacted records became moot because FIRE conceded in light of the Supreme Court's decision. It abandoned its defense of the judgment with respect to the trial

court order compelling release of records pertaining to students covered by FERPA..

FIRE's lead attorney conceded even before the Supreme Court denied rehearing in *UT v. Gatehouse* last Friday. Given that the SCOTX denied rehearing, the new precedent set in *Gatehouse* is final and constitutes binding precedent for the entire state and all of its courts. As such, it also provides no grounds for FIRE to seek higher-court review. It would be futile.

The previously live controversy between appellant and appellee concerning the compelled disclosure of those records under the PIA thus disappeared and the trial court's order compelling Tarleton to release those records should accordingly be vacated (in part) on account of mootness, rather than reversed on substantive grounds.

## The Alleged Maltreatment of the Student Journalists and Denial of Their First Amendment Rights No Longer Presents a Live Controversy

As to the second set of records concerning the student journalists and their grievances about the University's treatment of the campus newspaper/media operation, the Texas Supreme Court has now made it clear that mootness prevents the court from rendering an advisory opinion. The court reaffirmed the principle as follows: "We do not have power to decide moot cases, whether they 'involve a matter of public concern' or not." *Morath v. Lewis*, 601 S.W.3d 785, 789 (Tex. 2020) (citation omitted).

Indeed, FIRE's First Amendment arguments in favor of relief with respect to those records has been moot all along because FIRE made it on behalf of college student journalists who have since aged out of their cohort (presumably juniors or seniors) and could no longer benefit from the vindication of their rights by a court, assuming they had standing to seek such relief in the first place, be it individually or through an organization such as FIRE acting on their behalf.

This state of affairs existed as of the date the Fifteenth Court of Appeals rendered its opinion and judgment in Tarleton v. FIRE. *Tarleton State Univ. v. Foundation for Individual Rights and Expression*, No. 15-24-00057-CV (Tex.App.- Austin [15th Dist.] May 6, 2025, no pet. h.).

Based on the Supreme Court's decision in *TDFPS v. Grassroots Leadership, Inc*., said judgment should be vacated along with the underlying order and judgment of the trial court, and the entire case dismissed for lack of justiciability.

## CONCLUSION

In compliance with the latest jurisprudential decision of the Texas Supreme Court respecting mootness as a categorical bar to adjudication on the merits, this Court's judgment and opinion in Tarleton v. FIRE must be vacated as impermissibly advisory, along with the final order of the trial court compelling the production of records responsive to FIRE's requests for faculty and student records and denying FIRE's claim for attorney's fees as a prevailing party under the Public Information Act.

Since the required vacatur is on lack-of-jurisdiction grounds, it cannot carry *res judicata* effect. And since the undersigned was not allowed to become a party to this case, the jurisdictional disposition cannot bind the undersigned either.

If the Court disagrees, it should respectfully say so in a supplemental order or in its superseding opinion dismissing this PIA case.

Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Mino*

Wolfgang P. Hirczy de Mino, PhD
wphdmphd@gmail.com

4

Member of the Public
Thwarted Intervenor, and
Amicus Curiae per TRAP 11

## TRAP CERTIFICATE

The undersigned hereby certifies that is submitting this filing as an unfunded aggrieved member of the public who has requested records from Tarleton State University and has been rebuffed with respect to some of them.

All parties to this case are being served contemporaneously with e-submission of this filing to the clerk.

Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Mino*

Wolfgang P. Hirczy de Mino, PhD

**TARLETON STATE UNIVERSITY, Appellant,**

**v.**

**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, Appellee.**

No. 15-24-00057-CV.

**Court of Appeals of Texas, Fifteenth District, Austin.**

Judgment Rendered May 6, 2025.

Panel consists of Chief Justice Brister and Justices Field and Farris.

# JUDGMENT

FARRIS, Justice.

This cause, an appeal from the judgment in favor of appellee, Foundation for Individual Rights and Expression, signed September 28, 2023, was heard on the appellate record. We have inspected the record and find partial error in the judgment. We therefore order the judgment of the court below AFFIRMED in part and REVERSED and RENDERED in part in accordance with the court's opinion.

We further order that the parties shall pay their own costs incurred by reason of this appeal.

We further order this decision certified below for observance.

**TARLETON STATE UNIVERSITY, Appellant,**

**v.**

**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, Appellee.**

No. 15-24-00057-CV.

**Court of Appeals of Texas, Fifteenth District, Austin.**

Memorandum Opinion filed May 6, 2025.

On Appeal from the 266th District Court, Erath County, Texas, Trial Court Cause No. CV37178.

Affirmed in part, Reversed and Rendered in part.

Before Chief Justice Brister and Justices Field and Farris.

# MEMORANDUM OPINION

APRIL FARRIS, Justice.

Appellee Foundation for Individual Rights and Expression ("FIRE") sued Appellant Tarleton State University (the "University") requesting a writ of mandamus to compel the University to disclose information FIRE had requested under the Public Information Act ("PIA"). FIRE filed a motion for summary judgment arguing that the University was obligated to disclose this information. FIRE also filed an application requesting attorneys' fees and costs of litigation. The University in turn filed a cross-motion for summary judgment contending that FIRE was not entitled to the requested information. The trial court granted FIRE's motion and partially granted its application, denying FIRE's request for attorneys' fees but granting its request for costs. The trial court denied the University's cross-motion. The University appeals and FIRE cross-appeals the denial of its attorneys' fees.

We hold that the University was not required to disclose the requested information to FIRE. Consequently, we further hold that FIRE was not entitled to attorneys' fees and costs.

# BACKGROUND

On October 5, 2021, FIRE submitted two PIA requests to the University seeking information related to allegations of a former professor's inappropriate behavior towards female students, a student newspaper's reporting of the allegations, and actions the University took against the student newspaper for its reporting. The University provided some information but withheld and redacted other information on the grounds that it was protected by the Family Educational Rights and Privacy Act ("FERPA") through the student records exception and other exceptions to disclosure under the PIA. FIRE sent the University a letter alleging that the University had wrongfully withheld and redacted responsive information without seeking a prior decision from the Office of the Texas Attorney General ("Attorney General") as the PIA requires. The University responded that it had informed FIRE of the PIA exceptions that formed the basis of its decisions to withhold and redact, and that FIRE had agreed to the redaction of this information in its PIA requests.

On December 3, 2021, FIRE submitted a third request that was substantively the same as its first two but with one key difference—FIRE stated that it did not consent to the University withholding information without first obtaining an opinion from the Attorney General. The University responded that it had already provided some of the requested information and that the remaining information was being withheld under the PIA pursuant to Section 552.114.

On February 10, 2022, FIRE filed a petition for writ of mandamus in the trial court under the PIA seeking to compel the University to disclose the requested information or, in the alternative, to disclose this information with students' personally identifiable information redacted. The parties filed

cross-motions for summary judgment. FIRE's motion asserted that the University must disclose the withheld information. The University filed a cross-motion, arguing that FIRE's claim should be dismissed because it is not entitled to the information. FIRE also filed an application requesting the trial court award its litigation costs and reasonable attorneys' fees.

After a hearing, the trial court granted FIRE's motion and ordered the University to pay costs and attorneys' fees. The University filed a motion for reconsideration of the order. In its final order, the trial court granted this motion in part. The trial court granted FIRE's summary judgment motion, denied the University's cross-motion, denied FIRE's request for attorneys' fees, granted FIRE's request for costs, and required the University to provide the requested documents. Both parties appealed.

# APPLICABLE LAW

We review the trial court's order granting summary judgment de novo. *Texas Dep't of Crim. Just. v. Levin,* 572 S.W.3d 671, 680 (Tex. 2019); *City of Garland v. Dall. Morning News,* 22 S.W.3d 351, 357 (Tex. 2000) ("[W]hether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law."). On cross-motions for summary judgment, "each party bears the burden of establishing that it is entitled to judgment as a matter of law." *City of Garland,* 22 S.W.3d at 356. When "the trial court grants one motion and denies the other, the reviewing court should determine all questions presented" and "render the judgment that the trial court should have rendered." *Id.*

# ANALYSIS

Subchapter B of Chapter 552 of the Texas Government Code provides the general rule of disclosure for information requested under the PIA: "[p]ublic information is available to the public at a minimum during the normal business hours of the governmental body." Tex. Gov't Code § 552.021. Public information is "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business" by a "governmental body" but does not include information "made confidential under this chapter or other law . . . ." *Id.* §§ 552.002(a), .022(a). One of the provisions that makes information confidential is the student records exception, found in Section 552.114 of the Texas Government Code.

Section 552.114 requires a state-funded educational institution to redact and withhold "student record" information from a person requesting such information. Tex. Gov't Code § 552.114(b)-(d). Section 552.114 defines "student records" to mean "education records" as defined by FERPA, effectively incorporating the confidentiality requirements of FERPA. *Id.* § 552.114(a); *see also id.* § 552.026 (incorporating FERPA confidentiality requirements). FERPA defines "education records" to mean documents which "contain information directly related to a student" and "are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). FERPA itself likewise bars educational institutions from releasing "education records"—along with personally identifying information in those records—with limited exceptions.[1] *Id.* § 1232g(b)(1). The Texas Supreme Court has held that Section 552.026 of the Texas Government Code recognizes "FERPA's primacy," as the PIA "does not require the release of

information contained in education records of an educational agency or institution, except in conformity with [FERPA]." *Univ. of Texas at Austin v. GateHouse Media Texas Holdings II, Inc.,* No. 23-0023, 2024 WL 5249449, at *2 (Tex. Dec. 31, 2024) (alteration in original) (quoting Tex. Gov't Code § 552.026).

The University challenges the trial court's judgment compelling it to disclose the requested information. The parties do not dispute that the University is an educational institution funded wholly or partly by state revenue.

# I. The Court Lacks the Authority to Review the University's FERPA Determinations

The University contends that the information at issue constitutes student records and must be withheld under Texas Government Code Section 552.114 pursuant to FERPA. The University argues that it cannot release redacted versions of these documents because FIRE would still be able to identify the referenced students. The University also contends that this Court lacks the authority to judicially review the University's determinations as to what information is subject to FERPA.

FIRE responds that the University cannot unilaterally withhold or redact information without judicial review and that the University did not raise a genuine dispute of material fact on the point that FIRE would be able to identify students if it had released redacted versions of the records. FIRE in its supplemental briefing now waives its right to records relating to the University's investigation of the former professor but reasserts that it is entitled to records related to the University's conduct involving the student newspaper. FIRE maintains that the University did not raise a fact issue before the trial court showing that these records contain student record information.

We agree with the University that this Court lacks the authority to judicially review its FERPA determinations for the information at issue. "[N]either this Court, nor the trial court, nor [the Attorney General] is the proper entity to interpret FERPA and its application to [the educational institution's] records—it is [the educational institution] that must make FERPA determinations." *B.W.B. v. Eanes Indep. Sch. Dist.,* No. 03-16-00710-CV, 2018 WL 454783, at *8 (Tex. App.-Austin Jan. 10, 2018, no pet.) (mem. op.). As noted above, Section 552.114 incorporates FERPA's confidentiality requirements. Tex. Gov't Code § 552.114(b)-(d); 20 U.S.C. § 1232g(b)(1).

The United States Supreme Court has held that "there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights," and those provisions do not create an implied private right of action. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 287, 290 (2002); *see also Tarka v. Cunningham,* 917 F.2d 890, 891 (5th Cir. 1990) (agreeing with the district court that "no private right of action exists under FERPA"); *B.W.B.,* 2018 WL 454783, at *8 ("FERPA creates no private right of action."); *IDEA Pub. Sch. v. Socorro Indep. Sch. Dist.,* No. 13-18-00422-CV, 2020 WL 103853, at *2 (Tex. App.-Corpus Christi Jan. 9, 2020, pet. denied) (mem. op.) (same); *Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768, 786 (2d Cir. 2002) ("FERPA's records-access provisions, § 1232(g)(a)(1), do not create a personal right enforceable under [42 U.S.C.] § 1983 . . . .").

FERPA gives educational agencies and institutions the authority to make determinations as to what information in their records is confidential under FERPA. *B.W.B.,* 2018 WL 454783, at *8. For

example, educational institutions have the authority to disclose FERPA-protected information without the consent of the student or parent to "other school officials, including teachers within the educational institution or local educational agency, who *have been determined by such agency or institution* to have legitimate educational interests . . . ." 20 U.S.C. § 1232g(b)(1)(A) (emphasis added). FERPA allows educational institutions to disclose certain disciplinary proceedings "if *the institution determines* as a result of th8at disciplinary proceeding that the student committed a violation of the institution's rules or policies with respect to such crime or offense." *Id.* § 1232g(b)(6)(B) (emphasis added). And it also allows them to disclose student information involving illegal possession of alcohol or controlled substances if "*the institution determines* that the student has committed a disciplinary violation with respect to such use or possession." *Id.* § 1232g(i)(1) (emphasis added).

This Court may not resolve disputes involving FERPA's nondisclosure provisions because "Congress expressly authorized the Secretary of Education to `*deal with violations*' of [FERPA] and required the Secretary to `establish or designate [a] review board' for investigating and adjudicating such violations." *Gonzaga,* 536 U.S. at 289 (internal citations omitted) (alteration in original) (quoting 20 U.S.C. § 1232g(f)-(g)). Pursuant to FERPA, the Department of Education ("DOE") designated "the Office of Administrative Law Judges to act as the Review Board required under [FERPA] to enforce [FERPA] with respect to all applicable programs." 34 C.F.R. § 99.60; *Gonzaga,* 536 U.S. at 289. The DOE also created a process to allow "[a] parent or eligible student [to] file a written complaint with the [DOE] regarding an alleged violation under [FERPA] and this part." 34 C.F.R. § 99.63; *Gonzaga,* 536 U.S. at 289.

FERPA does not create a cause of action for private parties to remedy violations. Instead, "[i]f the Secretary determines that a recipient institution is failing to comply with FERPA and that compliance cannot be secured voluntarily, the statute allows the Secretary to terminate funding to the institution." *B.W.B.,* 2018 WL 454783, at *9 (quoting *Ind. Prot. & Advocacy Servs. v. Ind. Fam. & Soc. Servs. Admin.,* 603 F.3d 365, 379 (7th Cir. 2010)). Absent this statutorily delineated process, "no applicable state or federal law allows judicial review of [the University's] FERPA determinations" to redact certain information or withhold the information in full. *B.W.B.,* 2018 WL 454783, at *9; *see also IDEA,* 2020 WL 103853, at *3 (holding that "no applicable state or federal law allows judicial review of [an educational institution's] FERPA determinations . . . .").[2]

Because courts cannot resolve disputes as to the University's determinations on what information is subject to FERPA's nondisclosure provisions, the University can withhold or redact FERPA information without judicial review. *IDEA,* 2020 WL 103853, at *3. The University consequently was not required to raise a fact issue before the trial court showing that these records contain student record information.

FIRE objects that the information related to the University's conduct as to the student newspaper concerns the alleged University takeover of the newspaper and so does not contain any student-identifying information of any kind. FIRE contends that at a minimum the University failed to meet its burden to raise a fact issue to defeat FIRE's summary judgment motion. This context does not change the analysis. Regardless of what events the information relates to, FERPA gives the University— not FIRE—the authority to determine if any of the requested information constitutes student records and to withhold and redact such information without judicial review. *B.W.B.,* 2018 WL 454783, at *8-9.

FIRE also objects that the PIA must be construed narrowly and so documents with only some FERPA-protected personally identifiable information must be released but in redacted form; these documents cannot be withheld in full. This argument fares no better, as what constitutes FERPA-protected information is to be decided by the University and such decisions are not subject to judicial review. *Id.* In an affidavit and in its briefing, the University states that it withheld requested records in full pursuant to FERPA because it determined these records were student records and further reasonably believed FIRE would have been able to identify students to whom the records related if it had released them in redacted format. The University has thus determined these withheld records "contain information directly related to a student," and that decision cannot be judicially reviewed. 20 U.S.C. § 1232g(a)(4)(A); *B.W.B.,* 2018 WL 454783, at *8-9.

## II. The University was not Required to Request an Attorney General Decision

The University contends that it was not required to seek an Attorney General opinion before withholding the information at issue. The University argues in the alternative that even if the University should have sought an Attorney General opinion, the PIA allows the University to withhold the information without seeking an opinion if it had a compelling reason to do so. The University further maintains that the trial court did not abuse its discretion in declining to award FIRE attorneys' fees because the University reasonably relied on published appellate opinions and written decisions by the Attorney General.

FIRE responds that the University was required to seek an Attorney General opinion prior to withholding the information and that the University did not provide a compelling reason to otherwise withhold it. FIRE also argues that the trial court abused its discretion in declining to award FIRE attorneys' fees because the University did not reasonably rely on case law or Attorney General decisions.

We agree with the University that it was not required to seek an Attorney General opinion prior to withholding information under Sections 552.026 and 552.114.[3] The Texas Supreme Court's recent opinion, *University of Texas at Austin v. GateHouse Media Texas Holdings II, Inc.,* disposes of this issue. No. 23-0023, 2024 WL 5249449, at *1. In *GateHouse Media,* the Austin American-Statesman[4] sent the University of Texas at Austin ("UT Austin") a public information request seeking records related to the results of disciplinary proceedings involving UT Austin students. *Id.* at *4. UT Austin responded that it was not required to disclose these records under FERPA and declined to do so. *Id.* Similar to the University in this case, UT Austin did not request an Attorney General decision before responding. *Id.* The Statesman sued, seeking a writ of mandamus to compel UT Austin to produce the withheld records. *Id.* Relevant to this case, the parties disputed whether UT Austin was required to timely request an Attorney General decision under Section 552.301(a) of the Texas Government Code and whether its failure to do so precluded UT Austin from withholding the records. *Id.* at *4-5, *7.

The Texas Supreme Court held that Section 552.301(a) did not require UT Austin to request an Attorney General decision for records subject to FERPA. *Id.* at *7. The Court reasoned that Section 552.301(a), which requires a governmental body to seek from the Attorney General a determination

whether information is excepted from disclosure, only applies if the governmental body considers the requested information to fall under one of the exceptions under Subchapter C. *Id.* Section 552.026, as noted above, states the PIA does not require the release of information subject to FERPA. Tex. Gov't Code § 552.026. Because Section 552.026 is in Subchapter B, the Court held "Section 552.301(a) does not apply." *GateHouse Media,* 2024 WL 5249449, at *7. The Court also held that UT Austin was not required to request an Attorney General decision for any FERPA redactions it made to the records pursuant to Section 552.114(d), which states an educational institution may redact information in student records without requesting a decision from the Attorney General. *Id.* at *7-*8. The Court explained that a 2006 letter sent by the DOE to the Office of the Attorney General stated that FERPA does not permit the Attorney General to review education records submitted by an educational institution for the purposes of determining compliance with the PIA. *Id.* at *7. The Court noted the Attorney General has refused to review education records since. *Id.*

Following *Gatehouse Media,* we hold that the statutory requirement to request an Attorney General decision under Section 552.301(a), which applies to exceptions under Subchapter C of the PIA, does not apply here. That is because the University has determined that the information at issue is an education record protected by FERPA and so Section 552.026, which falls under Subchapter B, applies. Given this determination, the University need not request an Attorney General decision for any records at issue with redacted FERPA information pursuant to Section 552.114(d).

Because the University is not required to disclose the information at issue, FIRE is not entitled to either attorneys' fees or litigation costs. The PIA only allows fees and costs to be assessed if the plaintiff "substantially prevails" in its action to compel disclosure, which is not the case here. Tex. Gov't Code § 552.323(a).

## CONCLUSION

For the reasons stated above, we reverse the trial court's judgment in part. We reverse the trial court's judgment granting FIRE's motion for summary judgment and reverse the trial court's judgment denying the University's cross-motion for summary judgment. We render judgment for the University. Because FIRE is not entitled to the information at issue that FIRE requested from the University, we affirm the trial court's judgment denying FIRE's request for attorney's fees and reverse the trial court's judgment awarding FIRE litigation costs.2

[1] Section 552.114 incorporates those limited exceptions when it states "[t]his subsection does not prohibit the disclosure or provision of information included in an education record if the disclosure or provision is authorized by [FERPA] or other federal law." Tex. Gov't Code § 552.114(b).

[2] FIRE argues that the Third Court of Appeals in *B.W.B.* believed it had the power to review FERPA determinations because it ordered unredacted records to be filed with the court in a prior opinion in the same case. *B.W.B. v. Eanes Indep. Sch. Dist.,* No. 03-16-00710-CV, 2017 WL 4348215, at *1 (Tex. App.-Austin Sept. 29, 2017, no pet.) (mem. op.) (per curiam). This prior opinion, however, was not a ruling on the merits and was merely to ensure the court had the full record on appeal. *Id.* As shown above, the court on the merits determined that it did not have the authority to review the educational institution's FERPA determinations. *B.W.B.,* 2018 WL 454783, at *9.

[3] Because we conclude that the University was not required to seek an Attorney General decision, we need not address whether it had a compelling reason to withhold the documents.

[4] The Statesman's parent company is GateHouse Media Texas Holdings II, Inc., the respondent in that case.

**TARLETON STATE UNIVERSITY, Appellant,**

**v.**

**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, Appellee.**

No. 15-24-00057-CV.

**Court of Appeals of Texas, Fifteenth District, Austin.**

filed March 21, 2025.

On Appeal from the 266th District Court, Erath County, Texas, Trial Court Cause No. CV37178.

Order Denying Motion to Intervene.

Panel consists of Chief Justice Brister and Justices Field and Farris.

# ORDER

PER CURIAM.

This is an appeal from a judgment signed September 28, 2023. Wolfgang P. Hirczy de Mino, PhD, filed a motion to intervene seeking to become a party in this appeal on March 3, 2025. We deny the motion.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101470745
Filing Code Description: Other Document
Filing Description: Notice of Intervening Texas Supreme Court Decision on Mootness
Status as of 6/2/2025 7:21 AM CST

Associated Case Party: TARLETON STATE UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 5/31/2025 5:16:01 PM | SENT |
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 5/31/2025 5:16:01 PM | SENT |

Associated Case Party: FIRE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gabriel Walters | | gabe.walters@thefire.org | 5/31/2025 5:16:01 PM | SENT |
| JT Morris | | jt.morris@thefire.org | 5/31/2025 5:16:01 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 5/31/2025 5:16:01 PM | SENT |

Associated Case Party: Member of the Public (MOTP)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang Hirczy de Mino | | wphdmphd@gmail.com | 5/31/2025 5:16:01 PM | SENT |